SMITH, *Ex'r*, v. SHEEHAN & a.

A child who takes under a devise to the testator's "legal heirs," though not otherwise mentioned or referred to in the will, is not entitled to the same portion of the estate as he would be if the deceased were intestate.

BILL IN EQUITY, by the executor, for the construction of the will of William Sheehan.

The will, after legacies to several of the testator's children and others, and making a partial provision for the widow, contains a residuary clause as follows: " Fourth. All the rest and residue of my estate I give to said Leland A. Smith in trust, to expend so much thereof as may be in his opinion necessary for the support of my said wife during her life, and whatever may remain at her decease, I give, bequeath, and devise the same to my legal heirs in

the same proportion as if no will had been made; it being my wish that said trustee should use this fund for the support of my said wife."

The widow died a few days after the testator.   William H. and James, sons of the testator, are two of the five legal heirs.   They are not named or referred to in the will except as "legal heirs" in the clause quoted, and claim that they are not devisees or legatees, and that they are entitled to the same portion of their father's estate as they would be if he had died intestate.   The other defendants claim that William and James are referred to in the will, and are legatees within the meaning of the statute.   The property to be disposed of under the residuary clause consists of real estate, and about thirty-one hundred dollars in money in the hands of the plaintiff.

*John M. Mitchell*, for William H. Sheehan and James Sheehan.   I. William H. Sheehan and James Sheehan, children of the testator, are neither named nor referred to in the will, nor are they devisees or legatees under it.   Their interest in their father's estate is the same as it would have been if he had died intestate.   Pub. Sts., *c.* 186, *s.* 10; *McIntire* v. *McIntire*, 64 N. H. 609.

II. The provision in the fourth clause is for a possible, uncertain, and contingent chance or right, given to a group of which William and James may or may not be two when the contingency happens, and is not sufficient to satisfy the explicit terms of the statute.   This provision does not make them devisees or legatees in a legal sense.   A devisee or legatee is a person who takes some certain, vested interest under the will; not something imaginary, or something in the air.   The statute is plain, direct, and easily understood, if the usual, natural, and common force is given to the words used.   *Gage* v. *Gage*, 29 N. H. 533, 541, 543.   There is nothing in the will to show that the testator knew who by law would be included in the group of "legal heirs," or whom he intended to include.   Having named other children and grandchildren as legatees, the words "legal heirs" might be construed to include only those.   *Collier* v. *Collier*, 3 Ohio St. 369; *Tucker* v. *Boston*, 18 Pick. 162.

III. In other jurisdictions statutory provisions similar to ours have undergone judicial construction with the result for which we contend, viz., that to be a legatee within the meaning of the law, there must be a certain, absolute gift or provision; not a contingent, uncertain, or possible benefit.   (Counsel cited and quoted from *Waterman* v. *Hawkins*, 63 Me. 156; Maine Rev. Sts., *c.* 74, *s.* 8; *Bowen* v. *Hoxie*, 137 Mass. 527; Pub. Sts. Mass., *c.* 127, *s.* 22; Rev. Sts. R. I., *c.* 171, *s.* 12; *Potter* v. *Brown*, 11 R. I. 232; *Mercantile Trust and Deposit Co.* v. *R. I. Hospital Trust Co.*, 36 Fed. Rep. 863; *Willard's Estate*, 68 Pa. St. 327; *Walker*

v. *Hall*, 34 Pa. St. 483; *Edwards's Appeal*, 47 Pa. St. 144, 153; *Hollingsworth's Appeal*, 51 Pa. St. 518; *Lampleigh* v. *Lampleigh*, 1 P. Wms. 111; *Holloman* v. *Copeland*, 10 Ga. 79; *Rhodes* v. *Weldy*, 46 Ohio St. 234; *Wetherall* v. *Harris*, 51 Mo. 65.)

IV. The fact that the mother died before she spent the whole estate, or before it was exhausted in her support, does not change the law. The will must be construed as of the date of the testator's death. These defendants are not, in law, any more legatees or devisees than they would be if she had lived long enough to expend the whole estate.

*Leach & Stevens*, for Thomas Sheehan, John F. Sheehan, and Nora Frary. A legatee, in the ordinary acceptation of the term, is a person who may take something under a provision in a will. The legacy may fail by being conditional, or for lack of funds, but the possibility of failure, or the uncertainty, ought not to be construed in such a way that one who does actually take something beneficial under a will is not a legatee.

If the construction contended for by the claimants is adopted there would be no legatees, as the uncertainty of life and property is such that in every case there is a possibility of failure of property, so that nothing would pass. The evident intention of the statute is to provide for cases where the testator has forgotten some of his children. If they are remembered in the sense that they *may* take something, the intent of the statute is satisfied. This view is supported by the other parts of the statute which provide that reference to them is sufficient. It is not necessary that a legatee should be mentioned by name.

The objection to the use of the words " legal heirs" as referring to his children is, not that it does not include them, but that it does not show that the testator had each in mind. The same objection would apply had the word " children" been used, yet that would have been a distinct reference to them.

The use of the words " legal heirs" provided for the contingency of the death of any of his children before the testator, in the briefest manner that could be done, and the words include all who would be entitled to be named or referred to in his will. His intention is clear, to provide especially for some of his children and grandchildren, and that the rest of his estate should be divided equally among all his children, or the issue of any who might decease. He could not have used a term to refer more accurately to all entitled to his bounty.

SMITH, J. Section 3 of the statute of 1789 provided " That any child or children, or their legal representatives, in case of their death, not having a legacy given him or them in the will of their father or mother, shall have a portion of the estate of the testator assigned unto him, her, or them, as though such parent had

died intestate." Laws, *ed.* 1815, *p.* 198. In *Merrill* v. *Sanborn*, 2 N. H. 499, decided in 1822, a testator among other descendants left seven grandchildren, the children of a deceased son. In his will he mentioned two of his grandchildren and their father. It was held that the presumption of law was that the other five grandchildren were not omitted through forgetfulness. The court said,— " It is incredible that he should have passed over five out of seven grandchildren through forgetfulness." The case came within the strict letter of the statute, but the decision went upon the ground that the omission was not unintentional.

Section 3 of the statute of 1822 provided " That if there be any child, or any lineal heir of a child in the descending line, which has no devise or legacy by the will of a deceased father or mother, and which is not named or referred to in such a manner as to show that it was not out of the mind of the testator at the time of making the will . . . every such child or heir shall inherit and have assigned to it the same portion in the estate of the deceased as it would be entitled to if such deceased person had died intestate." Laws, *ed.* 1830, *p.* 355. The provisions of Pub. Sts., *c.* 186, *s.* 10, identical with Rev. Sts., *c.* 156, *s.* 9, Gen. Sts., *c.* 174, *s.* 10, Gen. Laws, *c.* 193, *s.* 11, are as follows : " Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate."

In 1854 a case arose where a testator in one clause of his will gave a legacy to a son, and in another a legacy to a grandson, child of another son to whom no legacy or devise was given, and who was not named or referred to in the will. It was held that the naming of one person, however closely related to another, without more, will not be deemed a reference to such other ; that the naming of a grandson, and describing him as such, or a devise or legacy to him as such, will not be deemed, without more, a reference to his father or mother,—thus practically overruling *Merrill* v. *Sanborn*. *Gage* v. *Gage*, 29 N. H. 533. The court said ( *p.* 543) " the true rule of law is just what is laid down in the statute : if a child or grandchild is not named or referred to in the will, and is not a devisee or legatee, he will take his share as if the estate was intestate." And ( *p.* 542) " To be entitled to a distributive share, a child or grandchild must be neither named nor referred to, nor a legatee or devisee."

Were the two sons whose names are not mentioned in the will " referred to," and are they devisees or legatees ? Both questions must be answered in the affirmative. There is no reasonable doubt that by the words " legal heirs" the testator had in mind his five children. " Child" and " heir" in common speech often mean the same person. If he had used, instead, the words " my

children," or "my daughter and sons," or "my daughter and four sons," his meaning would not be open to doubt. His intention would have been as certain as if he had inserted their names in his will. His words " to my legal heirs in the same proportion as if no will had been made " show that he intended his children. Having in mind, as his heirs, his children or the descendants of deceased children, the beneficiaries intended are made as certain as if they had been mentioned by name. That the two contesting sons are two of a class of five is not important. They are none the less legatees. It is not questioned that the five children take each a considerable property under the residuary clause. Though the entire residue might possibly be consumed in the support of their mother, it may reasonably be inferred that the testator understood it would not all be needed for that purpose, and the legacies to his children would be substantial in amount.

The decisions cited and commented upon by counsel for the contestants are cases where there was a posthumous child, and therefore not specially applicable. Under the facts existing in such cases, it will generally appear that a posthumous child could not have been in the mind of the testator.

*Case discharged.*

BLODGETT, J., did not sit; the others concurred.