Belknap Probate Court,
No. 4554.

## IN RE ALMA S. LATHROP ESTATE.

Submitted December 5, 1956.

Decided December 31, 1956.

*Robert P. Tilton* for the executor, furnished no brief.

KENISON, C. J.   Since the validity and the meaning of certain parts of the will were doubtful, this necessarily raised legal questions concerning the proper distribution of the decedent's estate under the terms of the will.   Consequently RSA 547:30

providing for the transfer of questions of law from the probate court to the Supreme Court was properly invoked. *In re Harrington Estate,* 97 N. H. 184; *In re Byrne Estate,* 98 N. H. 300. This statute provides an alternative remedy which in some cases is more expeditious and inexpensive than application to the Superior Court for the interpretation of a will. *Duncan* v. *Bigelow,* 96 N. H. 216, 219.

In this state the testator's intention as expressed in the will is carried out to the fullest extent unless it commands the illegal or the impossible. *Burtman* v. *Butman,* 97 N. H. 254, 258; *Osgood* v. *Vivada,* 94 N. H. 222, 224. Arbitrary canons of construction give way to a single broad rule of construction that always favors rather than opposes the testamentary disposition and, whenever consistent with the terms of the will as a whole, adopts that construction that gives the maximum validity to the testamentary disposition. V American Law of Property, *s.* 21.3c; *Merchants &c. Bank* v. *Curtis,* 98 N. H. 225, 230; Restatement, Property, *s.* 243(c). This broad rule of construction has been frequently implicit in our decisions even though not expressed in that exact language. *White* v. *Corinthian Lodge,* 100 N. H. 138; *Langdell* v. *Dodge,* 100 N. H. 118. Once the testator's expressed intent is ascertained it prevails ". . . at times at the expense of other recognized principles deemed less cogent in their application." *Petition of Wolcott,* 95 N. H. 23, 26. Even in those cases where the testamentary plan is impossible or impracticable of operation in part that construction is favored which salvages as much of the remainder as is consistent with the general purposes of the will. *Jacobs* v. *Bean,* 99 N. H. 239. This constructional preference for the maximum validity of the testator's dispositive plan applies to all wills. No distinction is made whether the will is "crudely drawn" (*Adams* v. *Hospital,* 82 N. H. 260, 261), as in the present case, or whether the will is drawn with legal assistance with some ambiguity (*Roberts* v. *Tamworth,* 96 N. H. 223), or without legal assistance with some ambiguity (*Wilkins* v. *Miltimore,* 95 N. H. 17, 18).

The bequest in paragraph 7 of the will to Florence Bordeau of the willow chair was an outright gift but the provision that she was to "look after" the testatrix' "personal effects" was not an outright gift. If the provision relating to the personal effects were construed as creating a trust or a power, it would be invalid as a private trust with indefinite beneficiaries under *Clark* v. *Campbell,* 82 N. H. 281 and *Tunis* v. *Dole,* 97 N. H. 420; *Uloth* v.

*Little,* 321 Mass. 351. While this result has been criticized (2 Scott, Trusts (2nd *ed.* 1956), *s.* 122, *p.* 850), it is supported by the Restatement, Trusts, *s.* 122, and Restatement, Property, *s.* 323, *comment* e. The personal effects bequeathed by this paragraph of the will therefore pass as part of the residue.

Advice is requested as to the meaning of "personal effects." An examination of the various cases construing this phrase indicates clearly that it has no certain meaning. 1949 Annual Survey of American Law 849; Anno. 80 A. L. R. 941. While the phrase may include household furnishings in some cases (*Corcoran* v. *Gage,* 289 Mass. 111), it is clear that that is not so in the present will since household furniture is specifically bequeathed. In its primary sense the term "personal effects" refers only to those articles of tangible personal property that in their use or intended use have some intimate connection with the person of the testatrix. *Gaston* v. *Gaston,* 320 Mass. 627. This includes wearing apparel, jewelry, hand luggage, together with the articles not required by statute to be inventoried. RSA 554:5 provides that certain articles need not be inventoried in certain cases and lists the following: "The wearing apparel, Bibles, family pictures, photographs, albums and any other personal trinkets of sentimental rather than intrinsic value . . . . " The personal effects of the character hereinbefore indicated pass to the residuary legatees.

While unnumbered paragraph 9 is not denominated as a residuary clause that is its clear effect and expresses the intent of the testator. The provision that "anything remaining after the above bequests have been made shall be devided" constitutes a valid residuary clause in laymen's language. *Cowan* v. *Cowan,* 90 N. H. 198. Later bequests of specific property are to be excluded from this residuary clause. The answer to the second question bearing number 1 is yes.

The bequest of $100 to the town of Gilmanton was a restrictive gift for the perpetual care of a cemetery lot in a named cemetery. The town is one of the "above named beneficiaries" within the meaning of the residuary clause of the will. Consequently the town takes the bequest under the residuary clause as trustee for the perpetual care of the specified cemetery lot. The answer to question 2 is that the residuary clause constitutes a bequest to the town for cemetery purposes.

In addition to numbering five specific legacies the testatrix made four other unnumbered bequests prior to setting up her residuary

clause. The beneficiaries of these four unnumbered legacies share in the residue as well as those of the five specifically numbered legacies. The answer to the third question is no.

*Remanded.*

All concurred.