Hillsborough County Probate Court
No. 80-501

*In re* ESTATE OF JAMES C. MACKAY

August 5, 1981

*Howard & Gleason,* of Henniker (*Robert R. Howard, III,* on the brief and orally), for the plaintiff.

*Sullivan, Gregg & Horton,* of Nashua (*Sherman D. Horton, Jr.,* on the brief and orally), for the defendants.

BOIS, J.  The issue in this appeal is whether the Probate Court (*Spanos,* J.) erred in finding that the plaintiff "was not *actually named or distinctly referred to personally*" (emphasis in original) in the will of her father, and therefore was entitled "to the same portion of his estate, real and personal, as she would be if the deceased was intestate." We agree with the decree and affirm.

James C. MacKay, the testator, whose will is the subject of this appeal, married Zatae Slack in 1918. On June 12, 1920, they had a child, Virginia Louise MacKay, now Virginia L. Greer, the plaintiff. In 1924 the couple was divorced and custody of the child was given to the mother, with child support ordered from the father, which he provided until the child was twenty-one years of age. Throughout the remainder of the testator's life there was no contact between father and daughter, except for occasional cards and gifts at holidays and birthdays. The testator remarried and had four children by his second wife.

Prior to the testator's death on September 8, 1980, he executed a will dated April 26, 1968, and a codicil dated September 14, 1978, which were admitted to probate. The will and codicil established a trust for the life of his second wife, if she survived him, with the remainder going to his four children by the second wife and their issue. If none of the named children or their children were living at their mother's or grandmother's death, then the remainder would go to the testator's heirs at law and next of kin. If the testator's second wife did not survive him, which, in fact, was the case, then the residue of the estate would go to his four children by this wife and their issue, and if there were no surviving children or their issue, then to his heirs at law and next of kin.

Virginia L. Greer petitioned the probate court seeking an intestate share of the estate as a pretermitted heir under RSA 551:10. After a hearing, the court granted her petition. The four children named in the will and the executors then appealed to this court, claiming that the probate court erred in not finding that the plaintiff was a devisee or legatee under the will and codicil of the testator or that she was named or referred to in the will or codicil.

RSA 551:10, the statute under which the plaintiff claims, states:

"Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate."

█ █ In our discussions of RSA 551:10, we have stated that "[t]he statute does not create a presumption [that pretermission of a child or issue of a child is accidental], but a rule of law." *In the Matter of Jackson*, 117 N.H. 898, 903, 379 A.2d 832, 835 (1977); *see Royce v. Estate of Denby*, 117 N.H. 893, 896, 379 A.2d 1256, 1258 (1977); *Gage v. Gage*, 29 N.H. 533, 541–42 (1854). "This rule is conclusive unless there is *evidence in the will itself* that the omission was intentional." *Royce v. Estate of Denby*, 117 N.H. at 896, 379 A.2d at 1258. (Emphasis added.) The defendants concede that the plaintiff is not named in the will, but argue that she "was referred to, distinctly and personally, . . . when the will . . . is examined in light of the record material to surrounding circumstances and the intent of the testator." In *In the Matter of Jackson*, 117 N.H. at 903, 379 A.2d at 835, we stated:

"Our cases have continually emphasized that whenever possible maximum effect should be given to·the testator's intent. . . . The formal requirements of RSA 551:10 may in some cases operate to defeat a testator's intent. However, this does not permit us to formulate a rule different from that laid down in the statute."

(Citations omitted.) Accordingly, our task is not to investigate the circumstances to divine the intent of the testator; rather, it is to review the language contained within the four corners of the will for a ·determination of whether the testator named or referred to the plaintiff. *See* 2 W. PAGE, WILLS § 21.109 (Bowe-Parker rev. ed. 1960). Such a review reveals a conspicuous absence of any mention of or referral to the plaintiff.

█ The defendants next argue that the plaintiff is not a pretermitted child entitled to a share because she is a devisee and legatee under the will. Specifically, they claim that the plaintiff is the sole member of a class of devisees or legatees that would have taken the entire estate if the testator's second wife and his issue by her had not survived him. Although we have suggested that a devise or legacy to a class circumscribed by the terms "children" or "issue" may be a sufficient recognition of a child of the testator to exclude the child from the ambit of RSA 551:10, *see In the Mat-*

*ter of Jackson*, 117 N.H. at 900–01, 379 A.2d at 834, a devise or legacy to a class which *may include* children, such as "heirs-at-law" or "next-of-kin" is not sufficient recognition.

█ "[T]he true rule of law is just what is laid down in the statute; if a child or grandchild is not named or referred to in the will, and is not a devisee or legatee, he will take his share, as if the estate was intestate." *Boucher v. Lizotte*, 85 N.H. 514, 516, 161 A. 213, 214 (1932); 3 W. TREAT, NEW HAMPSHIRE PRACTICE—PROBATE LAW § 1086, at 127 (1968). The intention of the testator that the plaintiff take as a devisee or legatee cannot be gleaned from a reading of the will. We note that the attorney who drafted the testator's will and codicil testified that he had no knowledge of the existence of the plaintiff when he was assisting the testator in drafting the residuary clause. We conclude that the findings of the court were warranted and its decree is therefore

*Affirmed.*

DOUGLAS and BATCHELDER, JJ., did not sit; the others concurred.