IN the MATTER OF the ESTATE OF Linda Rudy CAYO, Deceased: Meghan M. CAYO, a minor, by her Guardian ad Litem, Donald J. Bauhs, Appellant,

v.

James R. CAYO, a minor, by his Guardian ad Litem, Donald E. Mayew, Respondent.

Court of Appeals

No. 83–656. Submitted on briefs November 2, 1983.—
Decided December 27, 1983.
(Also reported in 342 N.W.2d 785.)

For the appellant, the cause was submitted on the brief of *Donald J. Bauhs,* of Kenosha.

For the respondent, the cause was submitted on the brief of *Donald E. Mayew,* of Kenosha.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

HANSEN, R.J.   This is an appeal from a judgment[1] dismissing a petition for construction of a will and living trust brought by Meghan M. Cayo's guardian ad litem. The main issue before us is whether sec. 853.25(1), Stats., applies to a parent's failure to provide for a child

---

[1] Although a formal judgment was not entered, language found in the trial court's conclusions of law signed "By the Court" stated: "The petition . . . is hereby denied." Such language indicates the circuit court contemplated the document to be a final judgment. *Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 493, 326 N.W.2d 240, 241 (1982).

in a living trust drafted prior to the child's birth. Because sec. 853.25(1) pertains only to the omission of children born or adopted after the making of a *will*, not of a *trust*, we affirm the probate court's dismissal.

On September 6, 1977, Linda Rudy Cayo executed a will and revocable living trust naming her son, James R. Cayo, as sole beneficiary. On June 25, 1978, Linda's daughter, Meghan M. Cayo, was born. On August 18, 1981, Linda died without changing any provisions of her will or trust.

Meghan's guardian ad litem petitioned the probate court for construction of the will and living trust. In the petition, the court was urged to find that Meghan was entitled to one-half of Linda's estate, both under the will and the trust, pursuant to sec. 853.25(1), Stats. In addition, the court was asked to find the living trust as testamentary in nature, placing it within the language of the statute. In the alternative, the court was requested to impose a constructive trust for Meghan because Linda had mistakenly failed to include Meghan in her estate.

Pursuant to sec. 853.25(1), Stats., the probate court included Meghan as a beneficiary of the will. However, because the probate court concluded sec. 853.25 was expressly limited to wills, it declined to include Meghan in the trust. The court also declined to impose a constructive trust.

The trial court concluded the statute was limited to wills. Because statutory construction involves a question of law, this court owes no deference to the trial court's conclusion. *Engineers & Scientists of Milwaukee, Inc. v. City of Milwaukee,* 38 Wis. 2d 550, 554, 157 N.W.2d 572, 574 (1968). In this case, we agree with the probate court's interpretation of the statute. Section 853.25(1), Stats., reads.:

CHILDREN BORN OR ADOPTED AFTER MAKING OF THE WILL. If a testator fails to provide in his will for any child born or adopted after the making of the will, that child is entitled to receive a share in the estate of the testator equal in value to the share which the child would have received if the testator had died intestate, unless: (a) the testator left all or substantially all of his estate to the mother of the child, or (b) the testator eliminated all of his children known to him to be living at the time of execution of the will from any share under the will, or (c) the testator provided for the subsequently born or adopted child by transfers outside the will and the intent that the transfers be in lieu of a testamentary gift is either shown by statements of the testator or inferred from the amount of the transfers and other circumstances, or (d) in any other case it appears from the will or evidence outside the will that the omission was intentional. If a child entitled to a share under this section dies before the testator, and the child leaves issue who survive the testator, the issue who represent the child are entitled to his share.

Meghan's guardian ad litem contends that since there is no evidence that her mother intentionally excluded her from the trust provision, she should be included by virtue of this statute. We disagree.

When a statute is not ambiguous, the words of the statute must be given their obvious and ordinary meaning. *Hucko v. Jos. Schlitz Brewing Co.*, 100 Wis. 2d 372, 376, 302 N.W.2d 68, 71 (Ct. App. 1981). The statute specifically states "[i]f a testator fails to provide in his *will* for any child born or adopted after the making of the *will* . . . ." Sec. 853.25(1), Stats. (Emphasis added.) This statute does not contemplate a settlor's failure to provide for his or her unborn children in a *trust*. The statutory language pertains only to wills. Therefore, we hold the statute does not contemplate the omission of children born or adopted after a trust is executed.

Meghan's guardian ad litem next argues the trust should be viewed as a testamentary disposition allowing the court to construe the trust as a will and placing the trust within the provisions of sec. 853.25 (1), Stats. However, the guardian ad litem defeats his own argument by citing *Estate of Steck,* 275 Wis. 290, 81 N.W.2d 729 (1957). The court in *Steck* affirmed the trial court's determination that a valid *inter vivos* trust was not a testamentary disposition. The guardian ad litem drives the final nail into this argument when he cites sec. 701.07 (1), Stats., which sets forth factors that will *not* make a living trust a testamentary disposition. Although the trust in issue has several of the factors set out in sec. 701.07 (1), it remains a valid living trust. It is unambiguous in that its sole beneficiary is James. No other beneficiary is mentioned. The trust cannot be viewed as an attempted testamentary disposition and will not be modified to include Meghan as a beneficiary. To do so would violate the intention of the settlor.

Finally, Meghan's guardian ad litem urges this court to impose a constructive trust on the estate for her benefit. The supreme court has recently set forth the limited circumstances in which a constructive trust may be imposed.

The legal title must be held by someone who in equity and good conscience should not be entitled to beneficial enjoyment. Title must also have been obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct.

*Wilharms v. Wilharms,* 93 Wis. 2d 671, 679, 287 N.W.2d 779, 783 (1980). The only factor which could be applicable to this case is mistake. Such a mistake would refer to a mistake of fact made at the time the trust was executed

and not a subsequent change of circumstances. *See* 89 C.J.S. *Trusts,* § 74 (1955). However, the evidence in the record indicates that prior to her death, Linda was warned by her attorney to make changes in both her will and trust. Yet, she failed to do so. Linda's failure to include Meghan in the trust was a mistake of judgment on her part, not a mistake of fact. Since there is no evidence in the record that Linda mistakenly omitted Meghan at the time the trust was drafted, we affirm the trial court's decision not to impose a constructive trust.

*By the Court.*—Judgment affirmed.