Cheshire County Probate Court
No. 98-697

## IN RE ESTATE OF ELIZABETH ROBBINS

July 5, 2000

*Chubrich & Harrigan, P.A.*, of Portsmouth (*Michael E. Chubrich* on the brief and orally), for the petitioners.

*Braiterman Law Offices*, of Concord (*David J. Braiterman* on the brief and orally), for the respondents.

NADEAU, J. The petitioners, Pamela Robbins and Michael Robbins, file this interlocutory appeal, *see* SUP. CT. R. 8, from the decision of the Cheshire County Probate Court (*Espiefs*, J.) granting a motion for partial summary judgment filed by the respondents, Bertha Johnson and Susan Wright. The petitioners argue that the probate court erred by ruling that the phrase "any other heir of mine" in the testator's will was sufficient reference to the testator's children to prevent application of the pretermitted heir statute. *See* RSA 551:10 (1997). We reverse and remand.

The petitioners are the natural daughter and adopted son of the testator, Elizabeth C. Robbins. The respondents are the testator's sister and niece.

The testator's will did not devise any of her estate to the petitioners, but rather contained the following provision:

> *PRETERMITTED HEIR*: Except as otherwise expressly provided by this will and the **Elizabeth C. Robbins Revocable Trust,** I intentionally make no provisions for the benefit of any other heir of mine except as their [*sic*] rights are expressly set out in **Elizabeth C. Robbins Revocable Trust.**

The probate court found that the trust neither directly nor indirectly referred to the petitioners.

After the testator's death, the petitioners sought a distribution pursuant to RSA 551:10. The respondents moved for partial summary judgment, asserting that the petitioners were not pretermitted heirs. The probate court granted the motion. The petitioners appeal. "We will not disturb the probate court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." *In re Sheena B.*, 139 N.H. 179, 181, 651 A.2d 7, 9 (1994).

RSA 551:10 provides:

> Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or

referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

The purpose of the statute is to prevent a mistake or unintended failure by the testator or testatrix to remember the natural object of his or her bounty. Consequently, if a child is not named or referred to in the will, and is not a devisee or legatee under the will, then the statute creates a conclusive rule of law that pretermission of the child was accidental. *See In re Estate of Came*, 129 N.H. 544, 547, 529 A.2d 962, 964 (1987). "This rule is conclusive unless there is *evidence in the will itself* that the omission was intentional." *In re Estate of MacKay*, 121 N.H. 682, 684, 433 A.2d 1289, 1290 (1981) (quotation omitted).

"[N]o testator should be understood to intend to disinherit one of his children or grandchildren upon any less clear evidence than his actually naming or distinctly referring to them personally so as to show that he had them in his mind." *In the Matter of Jackson*, 117 N.H. 898, 903, 379 A.2d 832, 835 (1977) (quotation and ellipsis omitted).

The testator's reference to the child need not be direct. *See In re Estate of Laura*, 141 N.H. 628, 634, 690 A.2d 1011, 1015-16 (1997). In *Laura*, we held that by naming the father of the great-grandchildren, the testator sufficiently referred to the great-grandchildren to preclude them from invoking the statute. *See id.*

The petitioners were neither named nor devisees or legatees under the testator's will. The respondents argue, however, that the testator's statement in the will that "I intentionally make no provisions for the benefit of any other heir of mine" sufficiently refers to the petitioners so as to deprive them of the statute's protection.

Two cases control the outcome of this case. In *MacKay*, the testator's will did not directly refer to the daughter-claimant, but provided that the residue of the estate would go to the testator's "heirs at law" and "next of kin." *See MacKay*, 121 N.H. at 683, 433 A.2d at 1290. Similarly, in *Jackson*, the testator's will devised the residue of his estate to his brother and sister and "to their heirs and assigns forever," but did not directly name his three adopted children. *See Jackson*, 117 N.H. at 900, 379 A.2d at 833-34. We held in both cases that the testator's use of a generic term such as "heirs" was insufficient to preclude application of RSA 551:10. *See MacKay*, 121 N.H. at 684, 433 A.2d at 1290; *Jackson*, 117 N.H. at 901-02, 379 A.2d at 834-35.

In a similar context, when determining whether language in a will is sufficient to render a claimant a legatee for purposes of RSA 551:10, we have stated that although

> a devise or legacy to a class circumscribed by the terms "children" or "issue" may be a sufficient recognition of a child of the testator to exclude the child from the ambit of RSA 551:10, a devise or legacy to a class which *may include* children, such as "heirs-at-law" or "next-of-kin" is not sufficient recognition.

*MacKay*, 121 N.H. at 684-85, 433 A.2d at 1291 (citation omitted).

■ In the instant case, the reference to "any other heirs of mine" is insufficient to establish that the testator had her children in mind when she omitted them from the will. *See Jackson*, 117 N.H. at 903, 379 A.2d at 835. We hold, therefore, that the probate court erred in concluding that the petitioners are not pretermitted heirs pursuant to RSA 551:10.

The respondents argue that *Smith v. Sheehan*, 67 N.H. 344, 39 A. 332 (1892), controls the outcome of this case. In *Smith*, the testator's son was not expressly mentioned in the testator's will, but the will contained a residual clause providing that the residue go "to my legal heirs." *Id.* at 348, 39 A. at 333. We held that the use of the term "heirs" was sufficient to deprive a child of the protection of the pretermitted heir statute. *See id.* at 347-48, 39 A. at 333 (decided under prior law).

Our holding in *Smith* rested not only on the fact that the term "heirs" was sufficient under the statute, but also on the fact that the testator's son was a legatee under the will. *See id.* at 347, 39 A. at 333. Thus, we did not have before us the question of whether the use of the term "heirs," alone, was sufficient under the predecessor to RSA 551:10. Moreover, our decisions in *MacKay* and *Jackson* have severely limited, if not overruled, the portion of the *Smith* decision upon which the respondents now rely. *See MacKay*, 121 N.H. at 683-84, 433 A.2d at 1290; *Jackson*, 117 N.H. at 901-02, 379 A.2d at 834.

■ Accordingly, we hold today that a testator's use of the term "heirs" is insufficient to preclude application of the pretermitted heir statute. The words "children" or "issue" must be used. To the

extent the holding in the *Smith* decision is inconsistent, it is overruled.

*Reversed and remanded.*

BROCK, C.J., and HORTON and BRODERICK, JJ., did not sit; GRAY, J., retired superior court justice, specially assigned under RSA 490:3, was recused and did not sit or participate in the decision; MCHUGH and GROFF, JJ., superior court justices, sat by special assignment pursuant to RSA 490:3; all who sat concurred.