Cheshire County Probate Court
No. 99-422

PAMELA ROBBINS & a.

v.

BERTHA G. JOHNSON & a.

October 3, 2001

*Chubrich & Harrigan, P.A.*, of Portsmouth (*Michael E. Chubrich* on the brief and orally), for the plaintiffs.

*Braiterman Law Offices*, of Concord (*David J. Braiterman* and *Audrey L. Reagan* on the brief, and *Mr. Braiterman* orally), for the defendants.

DALIANIS, J. The plaintiffs, Pamela and Michael Robbins, are the daughter and adopted son of Elizabeth Robbins (Robbins). The defendants, Bertha G. Johnson and Susan Wright, are Robbins' sister and niece. The plaintiffs appeal the orders of the Cheshire County Probate Court (*Espiefs*, J.) denying their petition for declaratory judgment and related motion for reconsideration. This is the second appeal involving these parties. In the first appeal, we held that the plaintiffs were entitled to take under Robbins' will pursuant to the pretermitted heir statute, RSA 551:10 (1997). *See In re Estate of Robbins*, 145 N.H. 145 (2000). The current appeal involves "The Elizabeth C. Robbins Revocable Trust." The probate court found that the trust was valid and nontestamentary. We affirm.

On appeal, the plaintiffs argue that the trust is a testamentary trust. They contend that if the trust is testamentary, the pretermitted heir statute applies to it because it is the functional equivalent of a will. *See* RSA 551:10.

The plaintiffs' focus upon whether the trust is testamentary or inter vivos is misplaced. Even if the trust is deemed inter vivos, it arguably still functions like a will because it provides for the distribution of property

after Robbins' death. As the RESTATEMENT (THIRD) OF TRUSTS § 25 comment *b* (Tent. Draft No. 1, 1996) explains:

> In proper usage today ... the terms "testamentary" and "nontestamentary" (or "inter vivos") simply describe the means chosen to make disposition of property, not the legal characteristics of the disposition or the nature of the interests created. ... Issues are obscured and litigation invited by confusing or unsound dicta often found in opinions that attempt to explain why something is or is not a present trust.

Thus, the central issue in this appeal is whether the pretermitted heir statute applies to the trust, regardless of its label.

RSA 551:10 provides as follows:

> Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

The statute creates a conclusive rule of law that a child who is neither named nor referred to in a will and is not a devisee or legatee of the will, nonetheless may take under the will, unless there is evidence in the will itself that the omission is intentional. *See In re Estate of Robbins*, 145 N.H. at 147.

We have not previously ruled that the pretermitted heir statute applies either to testamentary or inter vivos trusts, and we decline to do so here. "[T]his court is the final arbiter of the intent of the legislature as expressed in the words of the statute." *Appeal of N.H. Dep't of Transportation*, 144 N.H. 555, 556 (1999) (quotation omitted). "When construing the meaning of a statute, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings of the words used." *Id.* (quotation omitted). The pretermitted heir statute, on its face, applies to "wills," not to trusts. "The statute does not contemplate a settlor's failure to provide for his or her ... children in a trust." *Matter of Estate of Cayo*, 342 N.W.2d 785, 787 (Wis. Ct. App. 1983). We decline the plaintiff's invitation to construe the statute contrary to its plain meaning.

While we appreciate, and agree with, the discussion in the concurrence about the validity of the trust, we do not believe it necessary to reach this issue. We do not believe that the plaintiffs have argued that the

pretermitted heir statute applies to the assets held in trust because the trust is invalid and, therefore, the assets pass through Robbins' will. Rather, we interpret the plaintiffs' argument to be that the pretermitted heir statute applies because the trust functions like a will.

■ The plaintiffs urge us to extend the statute to the trust at issue as a matter of policy. We note that trusts are not the only type of so-called will substitutes by which individuals pass property at death. Other will substitutes include payable on death accounts, transfer on death accounts, life insurance proceeds to a named beneficiary, and pension funds. We believe that the legislature should decide whether, as a matter of policy, it wishes to extend the pretermitted heir statute to will substitutes, such as the trust at issue. *See* Note, *Public Policy and the Probate Pariah: Confusion in the Law of Will Substitutes*, 48 DRAKE L. REV. 769, 811 (2000). Absent clear indication from the legislature that this is its intention, we decline to apply the statute to the trust.

*Affirmed.*

DUGGAN, J., with whom BROCK, C.J., joined, concurred specially; BRODERICK and NADEAU, JJ., concurred.

DUGGAN, J., concurring specially: I agree with the majority's analysis and that the pretermitted heir statute does not apply here but believe we must address the plaintiffs' arguments that the trust is not a valid trust. In both the probate court and this court the plaintiffs contend that the trust cannot be enforced against the decedent's estate. Thus, the property of the invalid trust would pass through the estate where the pretermitted heir statute would apply. *See In re Estate of Robbins*, 145 N.H. 145, 148 (2000). The probate court rejected their arguments and I would affirm.

The plaintiffs first argue that the trust was not a valid trust because it was a nominee trust. A passive or nominee trust exists when the trustees have no discretionary duties to perform. *See Wilkins v. Miltimore*, 95 N.H. 17, 19 (1948). "The key to the nominee nature of a trust is that the beneficiaries are in practical control of the trust property." *Dwire v. Sullivan*, 138 N.H. 428, 430 (1994). For instance, in *Dwire*, we noted that the trust at issue stated explicitly that the trustee "shall act only as an agent of the beneficiaries." *Id.* at 431 (quotation, parenthesis and ellipsis omitted). Similarly, in *Roberts v. Roberts*, 646 N.E.2d 1061, 1062 (Mass. 1995), the Massachusetts Supreme Judicial Court ruled that a trust that gave the trustees "no power to deal in or with the Trust Estate except as directed by the beneficiaries" was a nominee trust.

The trust in this case is not a nominee trust. During Robbins' lifetime, the trust granted the trustee "sole discretion" either to hold net income and principal for future use or to add net income to principal, in the event that Robbins became incapacitated. After her death, the trustee had "sole and absolute discretion" to distribute the trust's net income and principal for the support, health and maintenance, and education of the trust beneficiaries. The trustee also had the authority, but had no obligation, to charge against the trust corpus any payments of Robbins' debts and other expenses associated with her estate. The trust also imposed numerous active management duties upon the trustee.

The plaintiffs next argue that the trust was not a valid trust because it vested the sole legal and equitable title to the trust assets in Robbins. *See generally* RESTATEMENT (SECOND) OF TRUSTS § 340, at 176-81 (1957). During her lifetime, Robbins did not have full equitable title to the trust property, but rather shared it with the defendants. During Robbins' lifetime, the defendants had a vested remainder interest in the trust. *See Flaherty v. Flaherty*, 138 N.H. 337, 340 (1994); *see also* RESTATEMENT (SECOND) OF TRUSTS § 56 comment *f* at 149 ("If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although the interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not a testamentary trust . . . and the intended trust is valid . . . ."); *Zuckerman v. Alter*, 615 So. 2d 661, 663-64 (Fla. 1993). The fact that Robbins retained control over the property did not make the trust invalid and therefore testamentary. *See, e.g.*, G. BOGERT, TRUSTS § 22, at 58-59 (6th ed. 1987) ("great majority" of decisions uphold trusts in which settlor has reserved right to trust income for life and such portions of trust principal as he may elect to take in addition to right to revoke and alter trust); *Sullivan v. Burkin*, 460 N.E.2d 572, 575 (Mass. 1984) (trust is not testamentary and invalid because settlor-trustee reserves beneficial life interest, power to revoke and modify trust and controls administration of trust); *Coleman v. First National Bank of Nevada*, 506 P.2d 86, 88 (Nev. 1973) (same); *Zuckerman*, 615 So. 2d at 663-64 (same); *see also* RESTATEMENT (SECOND) OF TRUSTS § 57, at 151; RESTATEMENT (THIRD) OF TRUSTS § 25(1), at 508 (Tent. Draft No. 1, 1996); *cf.* RSA 563-A:1 (1997) (will provision pouring assets into inter vivos trust is valid even though trust is amendable or revocable, or both).

Finally, the plaintiffs argue that the trust was an incomplete donative transfer and therefore part of the assets of the estate. *See Burns v. Nolette*, 83 N.H. 489, 492 (1929). The plaintiffs do not, however, point to any authority that a revocable inter vivos trust is invalid as an incomplete donative transfer.

48

BROCK, C.J., joins in the special concurrence.