NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

6th Circuit Court–Concord Probate Division
No. 2017-0532


IN RE TERESA E. CRAIG LIVING TRUST

Argued: March 15, 2018
Opinion Issued: September 7, 2018


Barradale, O'Connell, Newkirk & Dwyer, P.A., of Bedford (Pamela J. Newkirk, on the brief and orally), for the petitioners.


McLane Middleton, Professional Association, of Manchester (Ralph F. Holmes and Jacqueline A. Botchman, on the brief, and Mr. Holmes, orally), for the respondent.


Glenn A. Perlow and Todd D. Mayo of Hampton, for the New Hampshire Trust Council, as amicus curiae.


LYNN, C.J. The Circuit Court (King, J.) transferred to this court without ruling, see Sup. Ct. R. 9, the question of whether RSA 564-B:1-112 (Supp. 2017) (amended 2018), which addresses rules of construction for trusts, incorporates the pretermitted heir statute, RSA 551:10 (2007), as a rule of construction applicable to trusts. We accepted the transfer, and now answer the question in the negative.

The pertinent facts, which are undisputed, are as follows. Teresa E. Craig (decedent) passed away in Bow on July 10, 2016. She had two sons, Michael Grasso and Sebastian Grasso. Michael predeceased the decedent in 2007. Michael had two children, Andrew Grasso and Mikayla Grasso, who are the petitioners here.

The decedent created the "Teresa E. Craig Living Trust" in September 1999, which was amended and restated in August 2012 (the Trust). Daniel Toland, as trustee of the Trust, is the respondent. In 2012, the decedent executed a will. Sebastian is the executor of the decedent's will.

Neither the petitioners nor Michael are identified in the Trust or the will. The will, however, contains the following term:

> Except as otherwise expressly provided by this Will, I intentionally and not as the result of any accident, mistake or inadvertence, make no provision for the benefit of any child of mine, nor the issue of any child of mine, whether now alive, now deceased, or hereafter born or deceased.

The Trust names Sebastian and his descendants as the beneficiaries of the Trust upon the decedent's death. The Trust is also the sole legatee of the will.

The petitioners filed this action in February 2017, requesting "a copy of the Trust and seeking a determination of their status as pretermitted heirs." The respondent moved to dismiss, arguing that RSA 551:10 does not apply to trusts, and RSA 564-B:1-112 does not incorporate RSA 551:10 as a rule of construction applicable to trusts. In response to the respondent's motion to dismiss, the trial court transferred to this court the question of whether RSA 564-B:1-112 incorporates RSA 551:10.

While this case was pending, the legislature amended RSA 564-B:1-112, adding the following sentence: "RSA 551:10 shall not apply to any trust." The respondent moved for us to take judicial notice of this amendment, arguing that the amendment was dispositive of the issue before us. The petitioners objected, arguing that the amended statute should not be retroactively applied. We need not determine whether the amended version of RSA 564-B:1-112 applies retroactively because we conclude that RSA 551:10 is not a rule of construction, but rather a rule of law.

The petitioners argue that the legislature's enactment of RSA 564-B:1-112 incorporates RSA 551:10 as a statutory rule of construction applicable to trusts. We disagree.

2

"The interpretation of a statute is a question of law, which we review <u>de novo</u>." <u>STIHL, Inc. v. State of N.H.</u>, 168 N.H. 332, 334 (2015) (quotation omitted). "In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole." <u>Id</u>. (quotation omitted). "When construing [a statute's] meaning, we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to the words used." <u>Id</u>. (quotation omitted). "When statutory language is ambiguous, however, we will consider legislative history and examine the statute's overall objective and presume that the legislature would not pass an act that would lead to an absurd or illogical result." <u>Id</u>. at 334-35 (quotation omitted). "We interpret statutory provisions in the context of the overall statutory scheme." <u>Id</u>. (quotation omitted).

The pretermitted heir statute, RSA 551:10, states:

Every child born after the decease of the <u>testator</u>, and every child or issue of a child of the deceased not named or referred to in his <u>will</u>, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

RSA 551:10 (emphases added). The plain text of the statute is consistent with the widely understood definition of a pretermitted heir as "[a] child or spouse who has been omitted from a <u>will</u>, as when a <u>testator</u> makes a <u>will</u> naming his or her two children and then, sometime later, has two more children who are not mentioned in the <u>will</u>." <u>Black's Law Dictionary</u> 841 (10th ed. 2014) (emphases added). The statute's use of the terms "testator" and "will," and the absence of references to "settlor" and "trust," are strong indicia that it was not meant to apply to trust instruments. Indeed, in <u>Robbins v. Johnson</u>, 147 N.H. 44, 46 (2001), we specifically declined to apply RSA 551:10 to a trust. <u>Id</u>. ("Absent clear indication from the legislature that this is its intention, we decline to apply the [pretermitted heir] statute to the trust.").

The petitioners assert that because the legislature adopted the Uniform Trust Code, RSA chapter 564-B, in 2004, we should depart from our earlier holding in <u>Robbins</u>. In particular, the petitioners rely upon RSA 564-B:1-112, which provides: "The rules of construction that apply in this state to the interpretation of and disposition of property by will also apply as appropriate to the interpretation of the terms of a trust and the disposition of the trust property." The petitioners assert that the pretermitted heir statute constitutes a "rule of construction" within the meaning of the statute. The respondent counters that the pretermitted heir statute cannot properly be viewed as a "rule of construction" because it is not intended merely to provide guidance relative to the interpretation of a will — which the decision-maker is free to accept or

3

reject depending on the circumstances of the particular situation — but instead states a rule of law. We agree with the respondent.

As we explained in In re Estate of Treloar, 151 N.H. 460, 462 (2004), RSA 551:10 "does not create merely a presumption that pretermission is accidental, but a rule of law." "The statute creates a conclusive rule of law that a child who is neither named nor referred to in a will and is not a devisee or legatee of the will, nonetheless may take under the will, unless there is evidence in the will itself that the omission is intentional." Robbins, 147 N.H. at 45; see also In re Estate of MacKay, 121 N.H. 682, 684 (1981) ("the statute does not create a presumption that pretermission of a child or issue of a child is accidental, but a rule of law" (quotation and brackets omitted)).

Unlike rules of law, rules of construction need not always apply; rules of construction may be dispensed with depending upon the circumstances. For example, in In re Lathrop Estate, 100 N.H. 393 (1956), we stated that "[a]rbitrary canons of construction give way to a single broad rule of construction that always favors rather than opposes the testamentary disposition and, whenever consistent with the terms of the will as a whole, adopts that construction that gives the maximum validity to the testamentary disposition." In re Lathrop Estate, 100 N.H. at 395. Thus, "[o]nce the testator's expressed intent is ascertained it prevails at times at the expense of other recognized principles deemed less cogent in their application." Id. (quotation and ellipsis omitted).

Furthermore, we note that other jurisdictions have held that pretermitted heir statutes have no application to trusts. See Kidwell v. Rhew, 268 S.W.3d 309, 312 (Ark. 2007) ("Here, the pretermitted-heir statute speaks only in terms of wills, and not of trusts, and [appellant] cites no convincing authority that would compel this court to [conclude otherwise]."); In re Estate of Jackson, 194 P.3d 1269, 1273-74 (Okla. 2008) ("[Oklahoma's pretermitted heir statute] unambiguously pertains only to wills" and "does not encompass a situation where a child is omitted from a trust, and we decline to extend its reach to revocable inter vivos trusts."); Matter of Estate of Cayo, 342 N.W.2d 785, 787 (Wis. Ct. App. 1983) ("[Wisconsin's pretermitted heir statute] does not contemplate a settlor's failure to provide for his or her unborn children in a trust. The statutory language pertains only to wills.").

The petitioners argue that the legislature's enactment of RSA 564-B:1-112 was a clear indication that the legislature intended to abrogate Robbins. We disagree.

"In enacting legislation, the legislature is presumed to be aware of the common law: we will not construe a statute as abrogating the common law unless the statute clearly expresses such an intention." State v. Hermsdorf,

135 N.H. 360, 363 (1992) (quotations omitted); see also State v. Etienne, 163 N.H. 57, 74 (2011) ("We have often stated that we will not interpret a statute to abrogate the common law unless the statute clearly expresses that intent." (quotation omitted)). Given our unambiguous holding in Robbins that the pretermitted heir statute does not apply to trusts, and the fact that we have referred to the statute as a rule of law and never as a rule of construction, we conclude that the legislature did not intend to abrogate Robbins through its adoption of RSA 564-B:1-112.

For the reasons stated above, we hold that RSA 564-B:1-112 does not incorporate RSA 551:10 as a rule of construction applicable to trusts, and we remand for further proceedings consistent with this opinion.

Remanded.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.