## GAGE *v.* GAGE.

If any child, or issue of a child, is not named or referred to, and is not a legatee or devisee in the will of a person deceased, he will be entitled to the same portion of the estate as if the deceased died intestate.

The naming of one person, however closely related to another, without more, will not be deemed a reference to such other.

The naming a grandson, and describing him as such, or a devise or legacy to him as such, will not be deemed, without more, a reference to his father or mother.

A deed vitiated by fraud is not void, but voidable only. No one can take advantage of the fraud but the party defrauded, or those who have his estate.

A party to a conveyance is competent to testify that it was obtained by fraud, if he has no interest.

A party omitted in the will of his father or grandfather, may bring a real action to recover his portion of the real estate, or a petition for partition.

If such party assign his interest, and the title of the assignee is in dispute, the court of probate has no power to determine that question upon a petition for partition.

WRIT OF ENTRY, for a tract of land in Grafton, called the

Gage *v.* Gage.

Pond lot, and is the same lot devised to the defendant by Phinehas Gage, by his will. Plea, the general issue.

It appeared in evidence that Phinehas Gage was seized of the said Pond lot, in his life time, and died seized thereof, having duly executed his will, as follows:

" I, Phinehas Gage, of Grafton, in the county of Grafton, and State of New Hampshire, do make and publish this my last will and testament, in the following manner:

First, I give and bequeath to my wife, Phebe Gage, the land and buildings situated in said Grafton, on which I now live, during her natural life. Also, all my household furniture, one cow, six sheep, and my horse, to her and her heirs and assigns.

I give and bequeath to my son, Samuel Gage, one hundred dollars, which he now owes me, and the interest that may be due thereon.

I give and bequeath to my grandson, Roswell Gage, my lot of land situated in said Grafton, called the Pond lot. Also, after the decease of my wife, all my homestead farm and buildings that I have herein willed to her, during her natural life. Also, my best plough, one iron bar, and my horse harness.

I give and bequeath to my two sons, Calvin and Converse Gage, and my grandson, Roswell Gage, my saw mill, and the privilege belonging to the same, situated in said Grafton, by their paying one hundred dollars to my three daughters, viz, Nancy, Eliza and Abigail, and my granddaughter, Lura Gage, to be divided equally between them.

I give and bequeath to my son, William Gage, five dollars.

I give and bequeath to my son, George Gage, one hundred dollars.

I give and bequeath to my son, Harry Gage, one hundred dollars, which he owes me, and the interest that may be due on the same.

I give and bequeath to my son, Calvin Gage, my single sleigh, and one of my iron bars.

I give and bequeath to my son, Converse Gage, my gig wagon, my cart, and all belonging to the same, and one of my iron bars.

I give and bequeath to my two sons, Calvin and Converse Gage, after paying my just debts and legacies, all the remainder or residue of my real or personal estate, goods and chattels, to them their heirs and assigns forever.

And I do hereby constitute and appoint my two sons, Calvin Gage and Converse Gage, executors to this my last will and testament.

In witness whereof, I have hereunto set my hand and seal, this 21st day of May, 1849.

PHINEHAS GAGE.

Signed, sealed, published and declared, by the above named Phinehas Gage, as and for his last will and testament, in presence of us, who at his request, in his presence, and in presence of each other, have subscribed our names as witnesses thereto.

CALEB C. FOSTER,<br>URI PERLEY,<br>JOHN JONES."

It also appeared in evidence that the said Phinehas Gage left ten children, of whom Jesse E. Gage was one, and the said Jesse E. Gage, by his deed, dated October 6, 1851, conveyed all his interest in the estate of his father, real and personal, to the demandant. The executors named in the will, proved the same, and took upon themselves the burden of its execution, and gave bond in due form of law, to pay debts and legacies, and paid them, previous to the commencement of this suit.

The defendant and Lura Gage, named in the will, are children of Jesse E. Gage, and he had three other children.

It was admitted that the demandant had not received a conveyance of the Pond lot, or of any other estate of Phinehas Gage, from any other children of said Phinehas Gage, except Jesse E. Gage, and said Phinehas Gage died seized of the other real estate mentioned in the will, and left personal property to the amount, with the real estate, of $1250. The defendant offered to prove that the deed from the said Jesse E. Gage to said William Gage, was obtained by fraud, and for this purpose offered to prove by the deposition of said Jesse E. Gage, all objection to him on account of interest being waived by the demandant for this trial only; that William Gage came to him, and represented that his father was dead, and had left a lot of land by the pond, which is the said Pond lot, not mentioned in his will, and which belonged equally to the heirs; that it was worth sixteen dollars a share, and he had bought out all the other heirs for that sum, and wanted to buy his for the same sum; that Jesse informed him that he did not know how their father had left his affairs or estate; he expected no share in his estate, and was unwilling to have anything to do with it; that William then produced a deed, which he said conveyed the Pond lot, and said that he had similar deeds from all the other heirs, and could do nothing with them without his, the said Jesse's, and Jesse thereupon executed the deed; he did not read it, or hear it read, or ask to have it read, and cannot read writing well enough to read it, and William paid him the $16.

This evidence was objected to by the demandant, and rejected by the court.

A verdict was taken for the demandant for one undivided tenth part of said lot, by consent, on which judgment was to be rendered, or the same to be set aside, and a new trial granted, according to the opinion of the superior court, upon the above facts.

*Quincy*, with *Westgate*, for the defendant.

Gage v. Gage.

The defendant contends that Jesse E. Gage, under whom the plaintiff claims, is referred to in the will of Phinehas Gage, in such a manner as will prevent him from claiming a distributive share of said Phinehas' estate. 3d and 4th items in the will; Rev. Stat. ch. 156, §§ 9, 10; Statute of July 2, 1822, (Laws, Ed. 1830, 355;) *Terry* v. *Foster*, 1 Mass. Rep. 146; *Wild* v. *Brewer*, 2 Mass. Rep. 570; *Church* v. *Crocker*, 3 Mass. Rep. 17; *Wilder* v. *Goss*, 14 Mass. Rep. 357; *Merrill* v. *Sanborn*, 2 N. H. Rep. 499.

II. The deed from Jesse E. Gage to the plaintiff, having been obtained by misrepresentation and fraud, is void. 1 Story's Eq. Jur. §§ 191, 221; *Larrabee* v. *Larrabee*, 34 Maine Rep. 483; *Pratt* v. *Philbrook*, 33 Maine Rep. 17.

III. Jesse E. Gage is competent to testify, objection to his interest being waived. See *Hadduck* v. *Wilmarth*, 5 N. H. Rep. 181; *Marston* v. *Brackett*, 8 N. H. Rep. 336; *Hills* v. *Payson*, 3 Mass. Rep. 560; *Stevenson* v. *Chapman*, 12 N. H. Rep. 524.

The remedy of the plaintiff, if he has any, is by seeking in the probate court his share in the distribution of the personal estate, and by petitioning for partition of the realty. Besides authorities before cited, *Doar* v. *Lake*, 32 Maine Rep. 268; *Dearborn* v. *Chadborn*, 16 Mass. Rep. 433; Rev. Stat. ch. 156, § 10, and ch. 166, §§ 13, 12; *Poplin* v. *Hawke*, 8 N. H. Rep. 124.

*Kittredge*, for the plaintiff.

The plaintiff contends that Jesse E. Gage, the plaintiff's grantor, was entitled to one tenth part of the real estate of his father, Phinehas Gage, because he was not named or referred to in his will. Rev. Stat. ch. 156, § 9.

The cases cited from the Massachusetts Reports, do not apply, because the decisions were made upon the ground, expressly, that the preamble to the statute, 12 W. 3, ch. 7, was not repealed, and must be considered in connection with the statute of 1784, and limited the general expressions

of that statute. The case of *Merrill* v. *Sanborn*, 2 N. H. Rep. 499, was decided on the authority of the Massachusetts cases, as they are all cited. Our statute was then like the Massachusetts statute. Our statute of July 2, 1822, (Laws, Ed. 1830, p. 355, § 3,) is different, but seems to have been drawn with reference to those decisions, and to conform to them. It enacts that if any child is not named or referred to in the will, in such manner as to show that it was not out of the mind of the testator, &c., it shall be entitled to a distributive share, &c. But the Revised Statutes, ch. 156, § 9, enact, that if any child, &c., who is not a devisee or legatee, is not named or referred to in the will, it shall have a distributive share, &c. Here is a material change, and by omitting the qualifying words of the statute of 1822, it is evident that the legislature intended to require that the child should be expressly named or directly referred to. This is not done in the will. Moreover, by the Revised Statutes, all previous acts are repealed. Decisions, therefore, made under those acts, now repealed, are of no authority. The preamble to 12 W. 3, ch. 7, is also repealed, and as all the cases cited are put upon the ground that that preamble is not repealed, they are now of no authority, and this case must be decided upon the words of the statute. There is no pretence that Jesse E. Gage was named or referred to in the will. The naming of his children was no naming of him, or reference to him.

As to the second point made, that the plaintiff's deed was procured by fraud, our answer is, that if that were true, which we say is not so, this defendant is not in a situation to take advantage of it. There is no privity between him and Jesse E. Gage. Jesse E. Gage is the only person who can contest the plaintiff's deed on the ground of fraud. It is good against all other persons.

As to the third point, a writ of entry is the proper, and the only remedy. As the estate of the testator was all disposed of by his will, there could be no distribution by the

judge of probate. As to the real estate, Jesse E. Gage was entitled to one tenth part of the real estate in the hands of the devisees, and the judge of probate could have allowed nothing more. There was no estate out of which he could have received his share. He is, therefore, tenant in common of the real estate, and of each portion of it, with the devisees to whom it was given by the will. If we had gone to the probate court, we should have left off where we began, so far as the real estate is concerned. The judge could only have decreed that Jesse E. Gage was entitled to one tenth part of the real estate, and left him to his remedy at law to obtain it. He could not have made partition, as there was a dispute about the title. Rev. Stat. ch. 201, § 21.

The Revised Statutes, chapter 166, sections 12, 13, provide that where there is property not devised or bequeathed, the judge of probate shall apply it to make up the share of a child, &c., omitted, &c., in the will. But if there is none, then the judge of probate has no jurisdiction to meddle with the real estate. There is no necessity for it. It would be an idle ceremony.

It may, and probably will be necessary to apply to the judge of probate for a distributive share of the personal property, but he could afford no relief as to the real estate. That the writ of entry is the proper remedy, the case of *Merrill* v. *Sanborn*, 2 N. H. Rep. 499, is in point.

BELL, J. The first position of the defendant is, that Jesse E. Gage, under whom William Gage, the plaintiff, claims a share of this estate, is so referred to in the will of Phinehas Gage, that he cannot claim any part of the estate.

The clause in the statutes upon which this claim is founded, is section 9, of chapter 156, Revised Statutes, (Comp. Stat. 400.) " Every child born after the decease of the testator, and every child, or issue of a child of the deceased not named or referred to in his will, and who is not a devi-

see or legatee, shall be entitled to the same portion of the estate, both real and personal, as he would be if the deceased were intestate." This provision is a revision of part of section 3, of the statute of 1822, "for the devising of real estate," &c., which was as follows: "If there be any child or any lineal heir of a child, in the descending line, which has no devise or legacy by the will of the deceased father or mother, and which is not named or referred to in the will, in such manner as to show that it was not out of the mind of the testator at the time of making the will, or if any child shall happen to be born after the death of the father, and no provision shall have been made in his will for such posthumous child, every such child or heir shall inherit, and have assigned to it, the same portion in the estate of the deceased as it would be entitled to if such deceased person had died intestate."

This, again, was a revision of the statute of 1789, section 3, (Laws, Ed. 1815, 198,) which was: "Any child, or children, or their legal representatives, in case of their death, not having a legacy given him or them, in the will of their father or mother, shall have a portion of the estate assigned unto him, her or them, as though such parent had died intestate."

This, again, is taken from the Provincial Statute of 13 Ann, (1716,) ch. 29, (Prov. Stat. 1771, 41,) ."Any child or children not having a legacy given them in the will of their father or mother, every such child shall have a proportion of the estate of their parents given and set out unto them as the law directs for the distribution of the estates of intestates."

And this seems copied from the Massachusetts Provincial Statute of 12 W. 3, (1700,) (Col. & Prov. Ch. of Mass. 351,) but the preamble cited in 1 Mass. Rep. 146, 2 Mass. Rep. 570, is not inserted.

We are not aware of any construction given to those statutes in this State, before the case of *Merrill* v. *Sanborn*,

2 N. H. Rep. 499, decided at Rockingham, September term, 1822, a few weeks after the passage of the act of July 2, 1822, and, of course, upon the old statute of 1789, which is verbatim in the same terms as the statute of Massachusetts of 1784. (Stat. 1783, ch. 24,) cited in 1 Mass. Rep. 148. In that case the court cite and rely on the cases, 14 Mass. Rep. 357; 1 Mass. Rep. 148; 2 Mass. Rep. 570; and 3 Mass. Rep. 17, cited by the defendant, and they hold that as the testator had named two of the plaintiffs' brothers and her father, it could not be presumed that the testator had omitted her and four other children of his only son by any mistake, and therefore held she had no claim to any portion of the estate.

In the revision of 1822, the language of the statute had been conformed, as was supposed, to the existing state of the law, as settled by the courts of Massachusetts, by inserting, " and which is not named or referred to in the will, in such a manner as to show that it was not out of the mind of the testator at the time of making the will." But the language falls short of reaching the cases in 14 Mass. Rep., and 2 N. H. Rep., as the grand children who made the claim in those cases were neither named or referred to in the will in any way, but others similarly situated were named, from which the court inferred that they were not omitted from forgetfulness, which under the words of either of those statutes was a matter of no importance. And we are entirely unable to see why, upon the same reasoning, the inference should not be drawn, that where a testator named one of his children, but neither named or referred to others, that the latter were not omitted from forgetfulness.

If the question were new, and arose upon the language of the Revised Statutes, we should not hesitate a moment to decide that the statute was designed to lay down a clear, distinct and perspicuous rule, that no testator should be understood to intend to disinherit one of his children or grandchildren, who are by nature the first objects of his bounty,

---
Gage v. Gage.
---

upon any inference, or upon any less clear evidence than his actually naming or distinctly referring to them personally, so as to show that he had them in his mind ; it being reasonable to suppose that those about the sick and the aged would not be anxious to remind them of the absent unnecessarily. This is a simple and plain rule, easily understood and remembered by every body, and is in accordance with the general impression, doubtless, derived from the language of the statute. The decision in this State referred to, being based upon a statute expressed in different language, has no binding force in this case, if the present was precisely a parallel case, as it is not. There it was inferred, where one of several grand children was named, that the others were not forgotten. Here a grand child is made a devisee, from which the attempt is to infer that his own child, the grand child's father, was not forgotten. Surely that case is not an authority for any such conclusion. The cases in Massachusetts are neither of them applicable to this case. The three earliest, 1 Mass. Rep. 146, 2 Mass. Rep. 570, and 3 Mass. Rep. 17, merely decide that if a child or grand child is named in a will, though no devise or legacy is given to him, he can claim no share in the estate. Under our statute this question cannot arise. To be entitled to a distributive share, a child or grand child must be neither named nor referred to, nor a legatee or devisee. Here Jesse E. Gage is not named ; in that respect it is entirely different from these cases in Massachusetts.

The case of *Wilder* v. *Goss,* 14 Mass. Rep. 357, which decided that if one of several grand children, children of a deceased daughter, is named, the others are not entitled, because, presumptively, they are not forgotten, is a direct authority for the decision in 2 N. H. Rep., but, like that, has no application to a case so different as the present, if it stood unimpaired ; but its authority seems much diminished by the case of *Tucker* v. *Boston,* 18 Pick. 162, where a different decision was made in a case substantially similar,

though differing in some seemingly unimportant circumstances.

Our conclusion, then, is, that the true rule of the law is just what is laid down in the statute; if a child or grandchild is not named or referred to in the will, and is not a devisee or legatee, he will take his share, as if the estate was intestate. The naming of one person, however closely related to another, without more, is no reference to that other; and the naming of a grandson and describing him as such, is no reference to his father or mother. Jesse E. Gage, taking nothing under the will, and not being named or referred to in it, was, consequently, entitled to a distributive share of the estate.

A second point is made that the deed was obtained by fraud, and was, consequently, void. It may be doubted whether the evidence comes up to the idea of fraud as laid down in the books. The *allegatio falsi* to constitute a fraud, must be a statement of what is false, and known to be such or not known to be true to the fraudulent party; in a point material to the contract to be made; in relation to a matter not equally within the knowledge of the party imposed upon; which he did, in fact, rely upon; and by which he is actually misled and deceived to his injury. *Hoitt* v. *Holcomb*, 3 Foster's Rep. 552.

A jury might, perhaps, infer that the plaintiff's grantor was misled and deceived to his injury, but it is not clearly stated that he did not receive the full value of his share of the property.

But if the case was one of palpable fraud, it would not follow that the deed was void in the sense of being absolutely null. Fraud renders contracts voidable rather than void. They may be confirmed by subsequent transactions, (*Russell* v. *Abbott*, 13 N. H. Rep. 475,) and, of course, are not void for all purposes and as to every body. They may be avoided by the party defrauded, and by those who hold his rights, but not by others. *Russell* v. *Abbott*,

13 N. H. Rep. 475; *Jones* v. *Bryant*, 13 N. H. Rep. 53; *Bank* v. *Gregg*, 14 N. H. Rep. 331; *Bradley* v. *Obear*, 10 N. H. Rep. 477; *Ayeres* v. *Hewitt*, 19 Maine Rep. (1 Ap.) 281; *Mattrawan Co.* v. *Bentley*, 13 Barb. 641.

Here, then, there is no privity between the defendant and the plaintiff's grantor, and the defendant has no right to contest the validity of the conveyance with which the grantor himself is satisfied, or as to which the case shows no desire of the grantor to set it aside. If the defendant's father had executed to his son a deed of this property, it would probably have the double effect of setting aside and avoiding his deed to the plaintiff, if fraud can be shown, and of placing the defendant in a position to contest the plaintiff's title. At present he appears as a mere stranger, raising a question as to fraud in a matter which does not in the least concern him.

The authorities cited for the defendant are, we think, entirely decisive as to the competency of Jesse E. Gage, the objection on the ground of interest being waived. A party to a conveyance is competent to testify that it was obtained by fraud, if he has no interest.

It is contended that under the 13th and 14th sections of chapter 166 of the Revised Statues, the court of probate alone has jurisdiction to adjust the rights of parties thus omitted in wills, and that the remedy of the plaintiff is by application to that court alone. By section 13, " the estate, real and personal, not specifically devised or bequeathed, shall be first liable to the legal charges against the estate and legacies given by the will, and to be applied to make up the share of any child born after the decease of the testator, or of any child, or issue of any child, omitted or not provided for in the will;" and by section 14, " if the same is not sufficient, the property devised and bequeathed shall be liable therefor, and the judge may settle and adjust by his decree the amount of such liabilities, so that each devisec and legatee may contribute in just proportion thereto ; and such liabilities may be taken into consideration, and allowed

in the division of the real estate, and in granting license for the sale of real estate, and in the decree of distribution of the personal estate, as the case may require."

In answer to this, it is said that there is no estate undevised, the residue being given to the executors, who have given their bonds to pay the debts and legacies according to the statute. The different devisees and legatees, then, are bound to contribute in just proportion to make up the amount from the property devised to them. The child not named is not one of those who are to contribute. He has a fixed share given him by law, which can neither be increased nor diminished, whatever settlements or adjustments may thereby become necessary among devisees or legatees. He is, by the express language of the statute, " entitled to the same portion of the estate, both real and personal, as he would be if the deceased were intestate." Whatever, then, may be the powers of the judge of probate to settle the contributions of devisees and legatees, in order to equalize the burden of such unexpected claims against the estate, they in no way affect either the amount of the claim of the person omitted, or his remedy for it in the case of the real estate. As to the personal estate, if he claims a part of that, he must apply to the probate court; the account of administration must be there settled, and the person omitted can claim, as he would in the case of an intestate estate, only by virtue of a decree of that court. But the heirs of real estate are not confined to their remedies in the probate court. They may apply to that court, and have their shares assigned to them. But if that is not done, they may have their remedy, at common law, against any one who interferes with their rights. There is, in this respect, nothing peculiar in this case.

But though heirs and devisees may have their shares of the real estate divided and assigned to them in severalty, by petition to the probate court, yet it is by no means clear that an assignee has any such remedy, unless at the elec-

tion of others. He stands in the place of an heir or de-visee, but has not all of the rights of either in the court of probate. If he makes an application to that court, he can-not allege that he is heir, which is a matter the probate court has jurisdiction to try, but he must allege that he is assignee of an heir, and that question, if it is controverted, that court has no power to adjudicate upon. And this is shown clearly by the statute as to partition, (Rev. Stat. ch. 206, § 21,) where it is provided that if there be no dispute about the title, the petition for partition may be directed to the judge of probate, who is to order notice, and if no suffi-cient objection appears, shall appoint a committee to make partition. In the present case, it is apparent that the court of probate has no jurisdiction to decide upon the plaintiff's title, for a principal question is, whether the plaintiff ob-tained the deed under which he claims, by fraud.

If, however, the defendant admitted the plaintiff's title, it would by no means follow that he is compelled to go into the probate court, or any other court, for partition, since his ground of complaint is, not that it is disadvantageous to him that his property lies in common with others, but his complaint is that he is disseized wrongfully, turned out of possession, by persons who deny his right altogether. The point he desires to raise for decision is, whether he owns anything, as the share of Jesse E. Gage, in this property or not, and has been wrongfully dispossessed of it. When that question is settled, he may or may not have occasion to ask the aid of the court to divide and assign his share. At present, the question is one of right between these parties, the plaintiff claiming, by his writ of entry, the whole of the lot in dispute, which the defendant, by his plea of the general issue, admits he has in his exclusive possession, and claims to belong entirely to him. Experience has shown that ques-tions of this kind may be more conveniently and safely tried in a writ of entry, than by a petition for partition, and, we

think, there is no valid objection to the remedy adopted by plaintiff.

As the testimony of Jesse E. Gage ought to have been admitted, there must be a

*New trial.*