Rockingham Probate Court,
No. 5698.

IN RE FARNSWORTH ESTATE.

Argued November 8, 1967.
Decided April 30, 1968.

*Scammon, Gage & Whitman* ( *Mr. Robert G. Whitman* orally ), for Lillian Lucile F. de Besche executrix, as amicus curiae.

*Satterlee, Warfield & Stephens* and *James H. Nichols* ( of New York ) for United States Trust Company of New York, trustee.

LAMPRON, J. This is a petition brought by Lillian Lucile F. de Besche, executrix of the will of Lucile Farnsworth, late of Exeter, seeking construction of certain provisions of the will and authorization to deliver the residue of the estate to United States Trust Company of New York and to herself as trustees who were named in the decedent's will and issued letters as such by the Surrogate's Court of the County of New York. Certain questions of law raised by this petition were reserved and transferred to this court under the provisions of RSA 547:30 by *Treat,* J.

The first question transferred is the following: "1. Does Article Twelfth of the will effectively remove the trust from the jurisdiction of the Probate Court of the State of New Hampshire?"

The above clause reads in part as follows: "Twelfth: I appoint United States Trust Company of New York, a New York corporation, and my said daughter, Lillian Lucile F. de Besche, Executors of this Will and Trustees of the trusts created here-under.

"As the greater part of my estate consists of intangible per-

sonal property, the evidence of which are held in the State of New York, I direct my Executors to offer this Will and any codicils thereto for original probate in the Surrogate's Court of the County of New York, State of New York.

"If any of my assets in the State of New Hampshire or elsewhere shall require administration in a jurisdiction other than the State of New York, I appoint as Executor in such jurisdiction such person or corporation as shall be designated by an instrument in writing by my New York executors.

"I authorize my New York Executors to administer any real estate and tangible property having a situs in the State of New York and any intangible personal property the evidences of which may be located in the State of New York and any other property which may come into the possession of such Executors; to pay directly all estate and inheritance taxes validly assessed against my estate by the taxing authorities of any jurisdiction; to pay or distribute directly any legacies bequeathed by this Will or any codicil thereto; and to pay directly all my just debts and expenses of administration of my estate.

"I direct that my estate and the trusts created hereby shall be administered in the State of New York and shall be construed and regulated by the laws of the State of New York."

Lucile Farnsworth died on February 26, 1964 a resident and domiciliary of Exeter. She left a will drawn and executed in New York City on August 15, 1961. It was admitted to probate by the Surrogate's Court of the County of New York, State of New York on April 21, 1964. United States Trust Company of New York and Lillian Lucile F. de Besche were issued letters of trusteeship by the same Court on April 24, 1964. By order of that Court the original will was forwarded to the Probate Court for Rockingham County and Lillian Lucile F. de Besche was appointed executrix on June 9, 1964. In that capacity she has paid the funeral expenses, debts, Federal and New Hampshire taxes, and specific monetary bequests. On March 21, 1967 she filed her first account charging herself as executrix with $122,505.02, the residue of the estate, which is bequeathed in trust to United States Trust Company of New York and Lillian Lucile F. de Besche.

It is well established law in this State that the intent of the testatrix as expressed in her will is to be given effect. *Merrow v. Merrow*, 105 N. H. 103, 106. This principle applies also to

the determination of where and under the laws of what state the trusts created with the residue of her estate are to be administered. *Second Bank-State Street Trust Company* v. *Weston,* 342 Mass. 630; *Boston Safe Deposit & Trust Co.* v. *Alfred University,* 339 Mass. 82; *Will of Risher,* 227 Wis. 104; *In re Shipman's Will,* 40 N.Y.S. 2d 373 ( Surr. Ct. ); 5 Scott on Trusts, *s.* 605, *p.* 3936 ( 3d *ed.* 1967 ); 6 Page on Wills ( Bowe-Parker Rev. ed. ) *s.* 60. 17. Goodrich and Scoles, Conflict of Laws, *s.* 159, *p.* 315 ( 1964 ).

"Where a trust of movables is created by will, ordinarily its administration, like its validity, is governed by the law of the state of the domicile of the testator at death." 5 *Scott on Trusts, s.* 605, *p.* 3936 ( 3d *ed.* 1967 ). "There are, however, two situations in which the law of another state may be applied to the administration of the trust. The first is where the testator has designated the law of another state as the governing law. The second is where the testator has fixed the administration of the trust in a state other than that of his domicile at death." *Id.* As will appear hereinafter the testatrix has created both of these situations in her will.

Her will specifically provided that "the trusts created hereby shall be administered in the State of New York and shall be construed and regulated by the laws of the State of New York." The following factors corroborate the stated intent of the testatrix. Her will was drawn and executed in New York. The bulk of her estate consisted of various securities held in an investment management account in New York by the United States Trust Company of New York. This company, named by the testatrix as co-trustee could not act if the trusts were to be administered in New Hampshire. RSA 390:13; RSA 564:4; *Bank of New York &c. Co.* v. *Tilton,* 82 N. H. 81. By naming it as trustee in her will, the testatrix manifested that she intended the trusts to be administered in and governed by the local law of the State of New York where this company is organized and does business. *Boston Safe Deposit & Trust Co.* v. *Alfred University,* 339 Mass. 82; Restatement ( Second ), Conflict of Laws, *s.* 297 *comments* c and d and *s.* 298 *comment* b. ( Tent. Draft No. 5, 1959 ); *Id., s.* 1004, *comment* d ( Tent. Draft No. 13, 1965 ); 5 Scott on Trusts, *s.* 607, *p.* 3939; ( 3d *ed.* 1967 ). See *Cadbury* v. *Parrish,* 89 N. H. 464, 466.

We hold that these trusts were intended to be and should be

administered in the State of New York and the answer to question No. 1 is "Yes" the will has effectively removed these trusts from the jurisdiction of the Probate Court of the State of New Hampshire.

The second transferred question is the following: "2. If the executrix delivers the assets to the United States Trust Company and Lillian Lucile F. de Besche Trustees (by appointment of the Surrogate's Court of the State of New York) under the will of Lucile Farnsworth, may she and her surety be discharged from further liability as to her having been executrix under said will in the domiciliary jurisdiction of the State of New Hampshire?" The answer is "Yes."

The testatrix has provided that the trusts should be administered in New York and governed by its laws instead of being administered in New Hampshire, the state of her domicil at death, and governed by its laws. Consequently the Rockingham County Probate Court should authorize the transfer of the trust assets to the trustees named in the will and should not require them to give bond or to account in this state where they have complied with the New York law, relating to trustees, having been appointed by a court of that state, and being accountable to that court. *In re York Estate,* 95 N. H. 435, 436. Restatement (Second), Conflict of Laws, *s.* 298, *comment* a. (Tent. Draft No. 5, 1959); *Id., s.* 1000, *comment* b. (Tent. Draft No. 13, 1965.) The executrix will be discharged from further liability as to her having been executrix of the will of Lucile Farnsworth by appointment of the Rockingham County Probate Court upon filing therein the receipt of the United States Trust Company and herself as trustees by appointment of the Surrogate's Court of the State of New York. *In re York Estate, supra;* 5 Scott on Trusts, *s.* 558, *p.* 3787 (3d *ed.* 1967).

The final question transferred is: "3. If either of the foregoing questions is answered in the affirmative [both have been], does the domiciliary probate have any further jurisdiction over the trust?" The answer is "No."

The testatrix has specifically provided in her will that the trusts are to be administered in the State of New York and construed and regulated by its laws. The trustees named in the will have been appointed by a court of competent jurisdiction in that state. The Surrogate Court of New York has primary supervision over the

administration of these trusts. It has and will exercise jurisdiction as to all questions which may arise in their administration. *Mullane* v. *Central Hanover Tr. Co.,* 339 U. S. 306, 313; Restatement ( Second ), *s.* 1000 *supra, comment* d: 6 Page on Wills ( Bowe-Parker Rev. ed. ) *s.* 60.17; Goodrich and Scoles, Conflict of Laws, *s.* 159, *pp.* 315-319. When the trustees have receipted to the executrix for the residue of the estate, the Probate Court of Rockingham will have no further jurisdiction over the trusts. *In re York Estate,* 95 N. H. 435, 437.

*Remanded.*

All concurred.