Merrimack County Probate Court
No. 2004-163

IN RE ESTATE OF JOSIAH JAMES TRELOAR, JR.
a/k/a J. JAMES TRELOAR

Submitted: September 10, 2004
Opinion Issued: October 21, 2004

*Hall, Morse, Anderson, Miller & Spinella, P.C.*, of Concord (*G. Wells Anderson* on the brief), for the petitioner.

*Cook & Molan, P.A.*, of Concord, for the respondents, submitted no brief.

GALWAY, J. The petitioner, William S. Hall, the executor of the Estate of Josiah James Treloar, Jr., appeals an order of the Merrimack County Probate Court (*Hampe*, J.) declaring the respondents, Andrew and Peter Merrill, to be pretermitted heirs. *See* RSA 551:10 (1997). We affirm.

In 1986, the testator, Josiah James Treloar, Jr., executed a will that left his estate to his wife. In the event that his wife predeceased him, the testator left a parcel of real estate to his daughter, Evelyn Treloar Merrill, another parcel to his son, Rodney J. Treloar, and the rest of his estate to Evelyn, Rodney and another daughter, Beverly Jane Treloar Bryer, "share and share alike." The 1986 will appointed the testator's wife to be the executrix of his estate. In the event that she predeceased him, the testator appointed his son-in-law, Leon Merrill; in the event that he was unable to serve, he appointed his daughter Evelyn; and in the event that she was unable to serve, he appointed his attorney.

Evelyn died in July 1998, survived by her spouse, Leon, and her two children, the respondents. The decedent executed a new will in September 1998. He gave his attorney a copy of his old will with handwritten changes, which included crossing out references to Evelyn.

The new will named neither Evelyn nor the respondents. It left the real estate parcels to Rodney and the remainder of the decedent's estate to Rodney and Beverly. The new will appointed Leon as executor as follows: "I hereby nominate and so far as I legally may appoint as Executor of this will, my son-in-law, Leon Merrill of Concord, New Hampshire." The new will appointed the petitioner as executor in the event that Leon was unable, unwilling or unavailable to serve.

The sole issue on appeal is whether the respondents are pretermitted heirs under RSA 551:10.

Our standard of review is statutory: "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (1997). "Consequently, we will not disturb the probate court's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." *In re Angel N.*, 141 N.H. 158, 161 (1996) (quotation and brackets omitted).

RSA 551:10 provides:

> Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

The purpose of the statute is to prevent a mistake or unintended failure by the testator to remember the natural object of his or her bounty. *In re Estate of Robbins*, 145 N.H. 145, 147 (2000). The statute does not create merely a presumption that pretermission is accidental, but a rule of law. *In re Estate of MacKay*, 121 N.H. 682, 684 (1981). This rule of law "is conclusive unless there is *evidence in the will itself* that the omission was intentional." *In re Estate of Robbins*, 145 N.H. at 147 (quotation omitted).

To be a pretermitted heir, the child must not be named in the will, referred to in the will, or be a devisee or legatee under the will. *In re Estate of Came*, 129 N.H. 544, 547 (1987). We have previously interpreted the phrase "named or referred to" to require "clear evidence" that the testator actually named or distinctly referred to the heir "personally, so as to show that he had [the heir] in his mind." *Boucher v. Lizotte*, 85 N.H. 514, 516 (1932).

The petitioner asserts that, although the 1998 will names neither Evelyn nor the respondents, there are sufficient indirect references to Evelyn to satisfy the statute. Relying upon *In re Estate of Laura*, 141 N.H. 628, 634

(1997), he argues that because there is sufficient reference to Evelyn, the respondents are not pretermitted heirs. We disagree.

The petitioner first argues that the reference in the 1998 will to revoking "all prior wills and testamentary instruments" coupled with evidence of the prior will, which specifically named Evelyn, and the testator's handwritten changes to it, demonstrate that he had Evelyn in mind when he prepared the 1998 will. Extrinsic evidence is inadmissible to determine whether RSA 551:10 applies. *See In re Estate of Came*, 129 N.H. at 550; *see also In the Matter of Jackson*, 117 N.H. 898, 903 (1977). The court's task "is not to investigate the circumstances to divine the intent of the testator; rather, it is to review the language contained within the four corners of the will for a determination of whether the testator named or referred to [the respondents]." *In re Estate of Came*, 129 N.H. at 550 (quotation omitted). We decline the petitioner's invitation to overrule *In re Estate of Came* absent any argument that this decision has "come to be seen so clearly as error that its enforcement was for that very reason doomed." *Jacobs v. Director, N.H. Div. of Motor Vehicles*, 149 N.H. 502, 504-05 (2003) (quotation omitted).

We disagree with the petitioner that we must read the 1986 and 1998 wills together. This case is dissimilar to *In re Estate of Osgood*, 122 N.H. 961, 965 (1982), where we held it appropriate to read the testatrix's will together with a codicil revoking and deleting a will provision that specifically referred to her son. In *In re Estate of Osgood*, it was not possible to probate the will without reading the deleted provision. *In re Estate of Came*, 129 N.H. at 550. By contrast, here the 1998 will stands on its own; to dispose of the property under the will, it is unnecessary to review any other document. *See id.*

The petitioner next argues that the reference to Leon as the testator's "son-in-law" showed that he had Evelyn in mind when he drafted the 1998 will. The petitioner likens this case to *Boucher*. We find *Boucher* factually distinguishable. In *Boucher*, the testatrix died leaving three children. *Boucher*, 85 N.H. at 514. She bequeathed $500 to "Marianna Lizotte, wife of my son Alphonse Lizotte." *Id.* We held that the use of the son's name in defining a gift to his family was a sufficient reference to the son to disinherit him. *Id.* at 514-16. By contrast, in this case, the testator did not use his daughter's name. Nor did he use the phrase "son-in-law" in a bequest. Rather, he used the phrase "son-in-law" to identify the individual he wished to appoint as his executor.

Even if the 1998 will indirectly referred to Evelyn, these indirect references would not satisfy the statute for the purposes of disinheriting

the respondents. The petitioner relies upon *In re Estate of Laura*, where we held that "a testator who specifically names one heir in an effort to disinherit him has 'referred to' the issue of that heir for purposes of the statute." *Id.* at 634. We deemed the reference to the father of the petitioning great-grandchildren sufficient reference to the great-grandchildren for the purposes of the statute. *Id.* at 634-35.

This was an exception to our general rule that "[t]he naming of one person, however closely related to another, without more, is no reference to that other." *Gage v. Gage*, 29 N.H. 533, 543 (1854). "It is well established that there must be a reference in the will to the child himself. It is not sufficient to infer that the child was not forgotten because a sibling or other relative was remembered in the will." *In re Estate of Osgood*, 122 N.H. at 964. Thus, in *Gage*, for instance, we held that the reference to a grandchild was not a sufficient reference to the grandchild's father, the testator's son, to preclude application of the pretermitted heir statute. *Gage*, 29 N.H. at 542-43.

The *In re Estate of Laura* exception applies only when the "testator has a predeceased child who is neither named, referred to, nor a devisee or legatee under the testator's will" and the will names "the next degree of issue in the line of descent." *In re Estate of Laura*, 141 N.H. at 634. Under these circumstances, the will sufficiently refers to the line of descent, and the "issue more removed from the testator" are not pretermitted heirs. *Id.* at 634-35.

This exception does not pertain to the respondents. While Evelyn is a predeceased child who is neither named nor referred to, nor a devisee or legatee under the 1998 will, the 1998 will does *not* name the next degree of issue in the line of descent. It names Evelyn's siblings as devisees under the will and appoints Evelyn's husband as executor. Such references are insufficient. They do not clearly evidence the testator's intent to disinherit either Evelyn or her issue.

For all of the above reasons, we conclude that the respondents are pretermitted heirs under RSA 551:10.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.