NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Brentwood Probate Division
No. 2019-0752

IN RE ESTATE OF MARIE G. DOW

Argued: September 22, 2020
Opinion Issued: January 20, 2021

Nadine M. Catalfimo, of Salem, on the brief, and Casassa Law Office, of Hampton (Lisa J. Bellanti on the brief and orally), for the petitioner.

Tyler Pentoliros, of Haverhill, Massachusetts, on the brief and orally, for the respondent.

HANTZ MARCONI, J.  The petitioner, Christopher Dow, appeals a decision of the 10th Circuit Court-Brentwood Probate Division (Weaver, J.) finding that he is not a pretermitted heir under his mother's, Marie G. Dow's, will.  He argues that the probate division erred in failing to apply New Hampshire's pretermitted heir statute to her will, and that, under New Hampshire law, he is a pretermitted heir and, thus, entitled to his intestate share of his mother's estate.  See RSA 551:10 (2019).  The respondent, Leslie Dow, the testator's ex-daughter-in-law and primary beneficiary of her will, counters that the probate division properly applied Massachusetts' pretermitted heir statute to the will in accordance with the will's provision that "[the] estate is to be administered and enforced according to the laws of the Commonwealth of Massachusetts."  See Mass. Gen. Laws Ann. ch. 190B, § 2-302 (West 2012).  Following oral argument before a 3JX panel, the case was submitted to the full court for decision.  See Sup. Ct. R. 12-D(2).  We reverse and remand.

The following facts are supported by the record or are undisputed by the parties. Marie G. Dow executed her last will and testament on June 30, 2014. At that time, she was living in Massachusetts. She passed away on November 20, 2018, having moved to an assisted living facility in New Hampshire approximately a year earlier. Just prior to her death, she sold her real property in Massachusetts, and there is no dispute that her estate consists of only personal property. In addition to her son Christopher Dow and ex-daughter-in-law Leslie Dow, Marie G. Dow is survived by another son and her granddaughter. Her will provides, in pertinent part,

> [ARTICLE] SECOND: All the rest, residue and remainder of my estate, real, personal and mixed, of which I may die, seized and possess, or to which I may be entitled at the time of my demise, wheresoever the same may be found (hereinafter called my "residuary estate"), I give, devise and bequeath to my daughter-in-law, LESLIE DOW . . . .
> If LESLIE DOW fails to survive me, then I hereby give, devise and bequeath my estate to my granddaughter . . . .
>
> . . . .
>
> [ARTICLE] EIGHTH: I have intentionally omitted to mention, or to devise or bequeath or give anything of which I may die seized and possessed, or to which I may be in any way entitled at the time of my decease, to any person or persons other than those mentioned in this my last Will and Testament.
>
> [ARTICLE] NINTH: My estate is to be administered and enforced according to the laws of the Commonwealth of Massachusetts.

After the testator's death, her attorney filed her will in Massachusetts "without seeking to open a probate of the estate" at that time. When one of the petitioner's attorneys "contacted the Clerk of the Essex Probate and Family Court, she was told that the will would be rejected because the death certificate indicated that the deceased died as a resident of New Hampshire." After unsuccessfully attempting to obtain the original will from the testator's attorney, the petitioner filed a petition for estate administration in the 10th Circuit Court-Brentwood Probate Division on January 29, 2019. The probate division declined to act on the petition "without the original will"; consequently, the petitioner filed a motion to require the respondent, or the testator's attorney, to file it with the probate division in New Hampshire. The respondent filed an objection to this motion, noting that she had filed a petition for informal probate in Massachusetts on January 11, and that the petition for formal probate of the estate was accepted in Massachusetts on February 7.

Following a hearing on April 22, 2019, the probate division found that the testator was domiciled in New Hampshire at the time of her death and that the "petition for estate administration was first filed in New Hampshire." Accordingly, the probate division found that it had jurisdiction to probate her estate, see RSA 547:8 (2019); see also RSA 21:6 (2012) (amended 2018), and ordered the respondent, or the testator's attorney, to file the original will with the New Hampshire probate division. The respondent filed a motion for reconsideration, which the probate division denied. The probate division granted the petitioner's petition for estate administration on August 27, 2019.

The petitioner filed a motion to determine that he is a pretermitted heir under his mother's will. The respondent objected. In its order dated October 21, 2019, the probate division found that the testator's will "fails to specifically name her son, Christopher, in any way." It determined that due to, inter alia, the language of Articles Eighth and Ninth of the will, Massachusetts' pretermitted heir statute should apply to the will, and that under Massachusetts law, see Mass. Gen. Laws Ann. ch. 190B, § 2-302, the petitioner is not a pretermitted heir. The petitioner filed a motion for reconsideration. The probate division denied the motion, and this appeal followed.

II

Our standard for reviewing probate division decisions is set forth by statute. See RSA 567-A:4 (2019). "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." In re Estate of Donovan, 162 N.H. 1, 3 (2011) (quotation omitted). Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. Id. at 3-4.

We first address whether the New Hampshire probate division erred in applying Massachusetts' pretermitted heir statute, rather than New Hampshire's RSA 551:10, to the testator's will. On appeal, the petitioner argues that, despite the language of Article Ninth in his mother's will, RSA 551:10 applies because his mother was domiciled in New Hampshire at the time of her death and her estate consists of only personal property. The respondent argues that "[t]he intent of Marie G. Dow is clear," (bolding and capitalization omitted), pursuant to Article Ninth of her will, that Massachusetts law should apply and asserts that New Hampshire "give[s] effect" to choice-of-law provisions in wills. We agree with the petitioner.

The probate division's findings that the testator's estate consists of only personal property and that she was domiciled in New Hampshire at the time of

her death are not challenged on appeal and need not be disturbed.[1]  See In re Estate of Donovan, 162 N.H. at 3-4.  We review the probate division's application of law to undisputed facts de novo.  See Clay v. City of Dover, 169 N.H. 681, 686 (2017); In re Estate of Donovan, 162 N.H. at 4.

Under New Hampshire law, personal property of a testator generally passes according to the law of the state of domicile.  In re Estate of Rubert, 139 N.H. 273, 276 (1994); Eyre v. Storer, 37 N.H. 114, 120 (1858).  Compare Eyre, 37 N.H. at 120 ("The general principle of the common law is, that the right and disposition of movables is to be governed by the law of the domicil of the owner."), with Mass. Gen. Laws Ann. ch. 199, § 1 (West 2012) (stating that Massachusetts, when administering the will of a non-inhabitant of the Commonwealth, will dispose of the estate "according to his last will, if any; otherwise . . . his personal property shall be distributed and disposed of according to the laws of the state or country of which he was an inhabitant").[2]  Our law comports with Section 263(1) of the Restatement (Second) Conflict of Laws, which provides:

> Whether a will transfers an interest in movables and the nature of the interest transferred are determined by the law that would be applied by the courts of the state where the testator was domiciled at the time of his death.

Restatement (Second) Conflict of Laws § 263(1), at 121 (1971).  Compare id. (pertaining to transfers of personal property by will), with id. § 239(1), at 48 ("Whether a will transfers an interest in land and the nature of the interest transferred are determined by the law that would be applied by the courts of the situs.").

Because the testator's will disposes of only personal property, i.e., "movables," the nature of the interests in this property will be determined by the laws of New Hampshire — where she was domiciled at death.  Restatement (Second) Conflict of Laws, supra § 263(1), at 121; see In re Estate of Rubert,

---

[1] Nor was an appeal taken of the probate division's granting of the petition for estate administration in New Hampshire despite Article Ninth of the will.

[2] The Commonwealth of Massachusetts adopted the Uniform Probate Code (UPC) in 2012.  See Mass. Gen. Laws Ann. ch. 190B (West 2012 & Supp. 2020) (eff. Mar. 31, 2012).  The UPC permits testators to select the law of another state for use in determining "[t]he meaning and legal effect" of their will, Unif. Probate Code § 2-703, 9-I U.L.A. 275 (2013), "without regard to the location of property covered thereby . . . [s]o long as the local public policy is accommodated," id. cmt.; see Jeffrey A. Schoenblum, Multijurisdictional Estates and Article II of the Uniform Probate Code, 55 Alb. L. Rev. 1291, 1317-18 (1992).  This choice of law applies to matters of "'interpreting' the will or other governing instrument," which involves "the meaning of words" and "a search for the testator's actual intent and, thus, does not implicate a conflict of laws."  Schoenblum, supra at 1318 (citing Restatement (Second) Conflict of Laws, supra §§ 240 cmt. c at 55-56, 264 cmt. c at 126).  We note that New Hampshire has not adopted the UPC.

139 N.H. at 276; Eyre, 37 N.H. at 120. The law in New Hampshire is clear, and we are not persuaded that there is a reason to deviate from it in the instant case.

The respondent relies upon our decisions in In re Farnsworth Estate, 109 N.H. 15 (1968), and Royce v. Estate of Denby, 117 N.H. 893 (1977), in support of her position that Massachusetts' pretermitted heir statute applies to the will because New Hampshire law honors the testator's intent, as expressed in Article Ninth of Marie G. Dow's will, to have her estate "administered and enforced according to the laws of the Commonwealth of Massachusetts." This reliance is misplaced.

The respondent emphasizes that the court, in In re Farnsworth Estate, "gave effect to the choice of law provision in [the testator's] will." (Bolding omitted; emphasis added.) However, our review in that case was limited to the testator's designation of New York law as the law to apply to her testamentary trusts. See In re Farnsworth Estate, 109 N.H. at 15-19. In In re Farnsworth Estate, the testator was a domiciliary of New Hampshire at the time of her death though her will was "drawn and executed in New York City." Id. at 16. The testator's will stated, in relevant part, "the trusts created hereby shall be administered in the State of New York and shall be construed and regulated by the laws of the State of New York." Id.

We noted that the administration and validity of a "'trust of movables . . . created by will'" is generally governed by the law of the state of the testator's domicile at death, but explained that there are "'two situations in which the law of another state may be applied to the administration of the trust.'" Id. at 17 (quoting 5 Austin Wakeman Scott, Laws of Trusts § 605, at 3936 (3d ed. 1967)). "'The first is where the testator has designated the law of another state as the governing law. The second is where the testator has fixed the administration of the trust in a state other than that of his domicile at death.'" Id. (quoting Scott, supra). We determined that the will "created both of these situations" and, thus, held that "these trusts were intended to be and should be administered in the State of New York." Id. at 17-18.

Here, the testator did not establish a testamentary trust. The fact that the will at issue in In re Farnsworth Estate disposed of the testator's property via testamentary trusts was essential to our reasoning and our decision in that case. See id. at 15-19; see also In re Lykes Estate, 113 N.H. 282, 284 (1973) (holding provision of will that testamentary trust be construed according to laws of Texas was "a valid provision which must be respected by this court" (citing Scott, supra §§ 574-75; Restatement (Second) Conflict of Laws, supra § 268(1), at 143). The pertinent rules to apply to dispositions of property via will are dependent upon the form of the disposition and the form of the property. See, e.g., In re Farnsworth Estate, 109 N.H. at 15-19; Haynes v. Carr, 70 N.H. 463, 463, 480 (1900) ("There is a wide distinction between a gift to charity and

5

a gift to a trustee to be by him applied to charity." (quotation and emphasis omitted)); <u>Eyre</u>, 37 N.H. at 120 (a decedent's personal property passes according to the law of the state of domicile, while real property passes according to the law of the state where it lies). Therefore, in the instant case, <u>In re Farnsworth Estate</u> does not support deviating from New Hampshire law as the law governing the disposition of personal property in Marie G. Dow's will. <u>See</u> <u>In re Estate of Rubert</u>, 139 N.H. at 276; <u>Restatement (Second) Conflict of Laws</u>, <u>supra</u> § 263(1), at 121; <u>cf</u>. <u>Robbins v. Johnson</u>, 147 N.H. 44, 45 (2001) ("The pretermitted heir statute, on its face, applies to 'wills,' not to trusts.").

Similarly, the fact that the testator in <u>Royce</u> became a domiciliary of New Hampshire after she had become incapacitated and never regained capacity before her death was essential to our reasoning and our decision in that case. <u>See</u> <u>Royce</u>, 117 N.H. at 896-97. "The <u>Royce</u> holding was limited to the facts of that case, which are distinguishable from those before us." <u>In re Estate of Rubert</u>, 139 N.H. at 276. In <u>Royce</u>, we recognized that, because the testator had no opportunity due to her incapacity to change her will after her move to New Hampshire, it was inequitable to apply the New Hampshire rule that the law of the domicile controls the succession to personal property when the testator had no opportunity to respond to New Hampshire law. <u>Royce</u>, 117 N.H. at 897. Here, the testator had an opportunity to change her will after relocating to New Hampshire approximately a year before her death.[3] Therefore, <u>Royce</u> does not support deviating from New Hampshire law as the law governing the disposition of personal property in Marie G. Dow's will. <u>See</u> <u>In re Estate of Rubert</u>, 139 N.H. at 276; <u>Restatement (Second) Conflict of Laws</u>, <u>supra</u> § 263(1), at 121.

We note that our prior case law, contemplating the applicability of New Hampshire's pretermitted heir statute where the facts implicated more than one jurisdiction, has not expressly dealt with a provision like that of Article Ninth in Marie G. Dow's will, expressing her intent to have her estate "administered and enforced according to the laws" of another state — the Commonwealth of Massachusetts. <u>See, e.g.</u>, <u>In re Estate of Rubert</u>, 139 N.H. at 276 (applying Virginia law to determine whether the plaintiff was a pretermitted heir entitled to an intestate share of the testator's personal property where the testator was domiciled in Virginia); <u>Royce</u>, 117 N.H. at 895, 897; <u>cf</u>. <u>In re Farnsworth Estate</u>, 109 N.H. at 15-19. While it is true that we attempt to give maximum effect to a testator's intent, <u>see</u> <u>In the Matter of Jackson</u>, 117 N.H. 898, 903 (1977), our law does not support the application here of another state's pretermitted heir statute independent of the governing law of the testator's domicile at death with respect to dispositions of personal property, <u>see</u> <u>In re Estate of Rubert</u>, 139 N.H. at 276; <u>see also</u> <u>Restatement (Second)</u>

---

[3] The testator did not modify her will after moving to New Hampshire, and she sold her real property in Massachusetts two weeks before her death.

Conflict of Laws, supra § 263(1), at 121. But see Royce, 117 N.H. at 896-97 (creating an exception that was limited to the facts of that case).

Section 264 of the Restatement (Second) Conflict of Laws supports a testator's ability, in bequeathing interests in personal property, to select the rules of construction of another state for use in construing the language of her will. See Restatement (Second) Conflict of Laws, supra § 264(1), at 125 ("A will insofar as it bequeaths an interest in movables is construed in accordance with the local law of the state designated for this purpose in the will."); id. § 264 cmt. e at 126-27 ("The forum will give effect to a provision in the will that it should be construed in accordance with the rules of construction of a particular state.").[4] We have not expressly adopted this section of the Restatement, and we need not consider doing so here because even assuming without deciding that Article Ninth designated Massachusetts' rules of construction for application to the will, neither Massachusetts' nor New Hampshire's pretermitted heir statute constitutes a rule of construction. See In re Craig Living Trust, 171 N.H. 281, 284-85 (2018) (explaining RSA 551:10 is not a rule of construction). Compare Mass. Gen. Laws Ann. ch. 190B, § 2-302 (pretermitted heir statute), with Mass. Gen. Laws Ann. ch. 190B, §§ 2-601 to 2-610 (West 2012 & Supp. 2020) (encompassing the rules of construction applicable to wills), and Mass. Gen. Laws Ann. ch. 190B, §§ 2-701 to 2-711 (West 2012 & Supp. 2020) (encompassing the rules of construction applicable to donative dispositions in wills and other governing instruments). As will be discussed in section III, not only is RSA 551:10 not a rule of construction, it is a conclusive rule of law. See In re Craig Living Trust, 171 N.H. at 284-85.

We, therefore, hold that New Hampshire's pretermitted heir statute applies to Marie G. Dow's will because she was a domiciliary of New Hampshire at the time of her death and her will disposes of only personal property. Accordingly, the probate division erred in applying Massachusetts law to determine that the petitioner is not a pretermitted heir.

III

We now turn to the question of whether the petitioner is a pretermitted heir of Marie G. Dow under New Hampshire law. See RSA 551:10. In applying RSA 551:10, "[t]he court's task is not to investigate the circumstances to divine the intent of the testator; rather, it is to review the language contained within

---

[4] According to the Restatement, "In the absence of such a designation, the will is construed in accordance with the rules of construction that would be applied by the courts of the state where the testator was domiciled at the time of his death." Restatement (Second) Conflict of Laws, supra § 264(2), at 125. But see Royce, 117 N.H. at 897 ("'Where the domicile of the testator was in one state when the will was executed, and in another at the time of his death, on the presumption that he was using language with which he was then familiar, the view is taken that the construction will be according to the law of the former state.'" (footnote omitted) (quoting Harbert F. Goodrich and Eugene F. Scoles, Conflict of Laws § 168, at 335 (1964)).

the four corners of the will for a determination of whether the testator named or referred to" the petitioner.  In re Estate of Treloar, 151 N.H. 460, 463 (2004) (quotation omitted); accord In re Estate of MacKay, 121 N.H. 682, 684 (1981); see RSA 551:10; In the Matter of Jackson, 117 N.H. at 902-03 (extrinsic evidence is inadmissible to show the testator's intent in omitting their children from their will).  Because the probate division is in no better position than are we to undertake this task, our review is de novo.  See Masse v. Commercial Union Ins. Co., 136 N.H. 628, 632 (1993); see also, e.g., In re Estate of Treloar, 151 N.H. at 462-64; In re Estate of Came, 129 N.H. 544, 547-50 (1987); In re Estate of MacKay, 121 N.H. at 683-84; cf. In re Craig Living Trust, 171 N.H. at 282, 284 (agreeing with the trustee that RSA 551:10 is "not intended merely to provide guidance relative to the interpretation of a will — which the decision-maker is free to accept or reject depending on the circumstances of the particular situation — but instead states a rule of law").  Applying RSA 551:10 to Marie G. Dow's will, we hold that the petitioner is a pretermitted heir as a matter of law.  See RSA 551:10.

Article Second of the testator's will bequeaths her "residuary estate" to "[her] daughter-in-law, Leslie Dow," (capitalization omitted), and, if the respondent fails to survive her, to "[her] granddaughter."  Article Eighth states, "I have intentionally omitted to mention, or to devise or bequeath or give anything . . . to any person or persons other than those mentioned in this my last Will and Testament."

New Hampshire's pretermitted heir statute provides:

> Every child born after the decease of the testator, and every child or issue of a child of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate.

Id.  The purpose of the statute is to prevent a mistake or unintended failure by the testator to remember the natural object of his or her bounty.  In re Estate of Treloar, 151 N.H. at 462.  When a child is not designated as a devisee or legatee in the testator's will, the naming of or reference to the child in the will establishes a "conclusive inference that the testator's failure to provide for him was not the result of mistake or forgetfulness."  Boucher v. Lizotte, 85 N.H. 514, 515 (1932).  The statute is therefore "not a limitation on the power to make testamentary dispositions but rather is an attempt to effectuate a testator's presumed intent.  It prevents forgetfulness, not disinheritance."  In re Estate of Laura, 141 N.H. 628, 634 (1997) (quotation omitted).  The statute does not create merely a presumption that pretermission is accidental, but a rule of law.  In re Estate of Treloar, 151 N.H. at 462.  This rule of law is conclusive unless there is evidence in the will itself that the omission was intentional.  Id.; accord Robbins, 147 N.H. at 45; see RSA 551:10.

To be deemed a pretermitted heir in New Hampshire, the child must not be named in the will, referred to in the will, or be a devisee or legatee under the will. In re Estate of Treloar, 151 N.H. at 462; see RSA 551:10. "We have previously interpreted the phrase 'named or referred to' to require 'clear evidence' that the testator actually named or distinctly referred to the heir 'personally, so as to show that [the testator] had the heir in . . . mind.'" In re Estate of Treloar, 151 N.H. at 462 (brackets omitted) (quoting Boucher, 85 N.H. at 516).

The respondent acknowledges that "no children of Marie were named as beneficiaries" in her will, see RSA 551:10 (a pretermitted heir cannot be a devisee or legatee of the will), and, as the probate division stated, the will "fails to specifically name [the testator's] son, Christopher, in any way," see id. (a pretermitted heir cannot be named in the will). Consequently, for the petitioner not to be a pretermitted heir, he must be "referred to" in his mother's will. Id.; see id. We conclude he is not.

We understand the respondent to argue that Christopher Dow was sufficiently "referred to" in the will because the respondent herself is referred to as a "daughter-in-law," which indicates that she "was married to a child of Marie Dow . . . and that Marie did not intend for anyone other than Leslie Dow or [the testator's granddaughter] to take anything under her will." This is insufficient to demonstrate that the omission of Christopher Dow from the will was intentional. See RSA 551:10; Boucher, 85 N.H. at 516 (requiring "clear evidence" (quotation omitted)).

An indirect reference to the child is sufficient where the reference demonstrates that the deceased had the child in mind when she made the will, see In re Estate of Osgood, 122 N.H. 961, 964 (1982); Boucher, 85 N.H. at 516; however, "[t]he naming of one person, however closely related to another, without more, is no reference to that other," Gage v. Gage, 29 N.H. 533, 543 (1854); accord In re Estate of Osgood, 122 N.H. at 964 ("It is well established that there must be a reference in the will to the child himself. It is not sufficient to infer that the child was not forgotten because a sibling or other relative was remembered in the will."). Here, although the will describes the respondent as a "daughter-in-law," and identifies a "granddaughter," there is nothing more that "distinctly refer[s]" to Christopher Dow "personally, so as to show that [Marie G. Dow] had [him] in [her] mind." Gage, 29 N.H. at 542.

As relevant to the identification of a "granddaughter" in the will, we held in Gage that the naming of and reference to a grandchild was not a sufficient reference to the grandchild's father, the testator's son, to preclude application of the pretermitted heir statute to the testator's will. Gage, 29 N.H. at 542-43 ("[T]he naming of a grandson and describing him as such, is no reference to his father or mother."). The same reasoning applies here. See id.

9

The identification of the respondent as a "daughter-in-law" is similarly insufficient as a reference to the petitioner for purposes of RSA 551:10.  In Boucher, the testator's will bequeathed property "to Marianna Lizotte, wife of my son Alphonse Lizotte."  Boucher, 85 N.H. at 514.  We held that the testator's son Alphonse Lizotte was not a pretermitted heir because

> [a]ny naming of, or reference to, the heir, which demonstrates that he was not out of the mind of the testator at the time of making his will gives rise, under the statute, to a conclusive inference that the testator's failure to provide for him was not the result of mistake or forgetfulness.

Id. at 514-15.  Although Marie G. Dow described the respondent in her will as her "daughter-in-law," unlike the will in Boucher, there is no other reference to, let alone naming of, the child to whom the respondent was married.  See id. at 514-16.

We addressed an analogous argument regarding language of a "son-in-law" in In re Estate of Treloar.  See In re Estate of Treloar, 151 N.H. at 461-63.  There, the testator's will named two of his children as devisees, but did not name his other child, Evelyn.  Id. at 461-62.  The testator's will also named his son-in-law, Evelyn's husband, as executor.  Id.  We rejected the argument that "the reference [in the will] to . . . the testator's 'son-in-law' showed that he had [his daughter] Evelyn in mind when he drafted the . . . will" and concluded that she was not sufficiently "referred to."  Id. at 461, 463; cf. Boucher, 85 N.H. at 515 (explaining "[a]ny naming of, or reference to," the child in the will that demonstrates the heir was in the testator's mind is sufficient).  Accordingly, we also reject the respondent's argument here that the phrase "daughter-in-law" in Article Second demonstrated that the testator had her son Christopher Dow in mind when she drafted her will.  See In re Estate of Treloar, 151 N.H. at 463; In re Estate of Osgood, 122 N.H. at 964; Gage, 29 N.H. at 543.

Nor can we conclude that Article Eighth's language, stating the testator had "intentionally omitted to mention, or to devise or bequeath or give anything . . . to any person or persons other than those mentioned in this my last Will and Testament," (emphasis added), provides a sufficient indirect reference to the petitioner to demonstrate that she had him in mind when drafting her will.  See In re Estate of Laura, 141 N.H. at 634 (explaining RSA 551:10 prevents forgetfulness, not disinheritance).

> Although we have suggested that a [reference] to a class circumscribed by the terms "children" or "issue" may be a sufficient recognition of a child of the testator to exclude the child from the ambit of RSA 551:10, a [reference] to a class which may include children, such as "heirs-at-law" or "next-of-kin" is not sufficient recognition.

10

In re Estate of MacKay, 121 N.H. at 684-85 (citation omitted); see In the Matter of Jackson, 117 N.H. at 900-03 (reasoning the testator's three adopted children were pretermitted heirs because the will did not refer to the children by name, nor make reference to the testator's "children" or "issue," and the use of "and his heirs" in the residuary bequest did "not suggest that the testator intended the word 'heirs' to be a reference to the children" (quotations and brackets omitted)). Although the language in Article Eighth, expressing the intent to disinherit "any person or persons other than those mentioned" in Marie G. Dow's will, could be interpreted as "a [reference] to a class which may include children," the fact that a referenced class "may include children" does not provide clear evidence that the testator had her "children" or "issue" — the petitioner and another son, collectively — in her mind when she drafted her will. In re Estate of MacKay, 121 N.H. at 684-85; see In re Estate of Treloar, 151 N.H. at 462-64.

Our cases have emphasized that, whenever possible, maximum effect should be given to the testator's intent. In the Matter of Jackson, 117 N.H. at 903. However, we have also repeatedly held that the clear legislative directive set forth in RSA 551:10 will be upheld even if the result is to defeat a testator's intent. See In re Estate of MacKay, 121 N.H. at 684; In the Matter of Jackson, 117 N.H. at 903 ("The formal requirements of RSA 551:10 may in some cases operate to defeat a testator's intent. However, this does not permit us to formulate a rule different from that laid down in the statute."). "[T]he true rule of the law is just what is laid down in the statute; if a child . . . is not named or referred to in the will, and is not a devisee or legatee, he will take his share, as if the estate was intestate." Gage, 29 N.H. at 543; accord Boucher, 85 N.H. at 516. Christopher Dow is not named or referred to in his mother's will, and he is not a devisee or legatee of her will. See RSA 551:10. As a matter of law, he is a pretermitted heir under New Hampshire law and is entitled to his intestate share of Marie G. Dow's estate. See id.; Robbins, 147 N.H. at 45.

IV

In sum, we reverse the probate division's decision to apply the Massachusetts pretermitted heir statute in determining whether the petitioner is a pretermitted heir under the will, and we reverse the probate division's conclusion that the petitioner is not a pretermitted heir. We hold that the petitioner is a pretermitted heir under New Hampshire law, as properly applied, and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

HICKS, BASSETT, and DONOVAN, JJ., concurred.

11